**John Wayne BATES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–04–00033–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 12, 2005.

Discretionary Review Refused
Sept. 28, 2005.

Mark W. Stevens, The Law Office of Mark Stevens, Galveston, TX, for Appellant.

Kurt Sistrunk, Criminal District Attorney, Galveston County, B. Warren Goodson, Jr., Assistant District Attorney, Galveston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, John Wayne Bates, challenges the trial court's order denying his motion for post-conviction DNA testing. In his sole point of error, appellant contends that the trial court erred in denying his motion for forensic DNA testing. We affirm.

### Background

A jury convicted appellant of aggravated sexual assault and sentenced him to life imprisonment. In 1992, this Court affirmed appellant's conviction. *See Bates v. State,* No. 01–90–00809–CR, 1992 WL 76400 (Tex.App.-Houston [1st Dist.] Apr. 16, 1992, pet. ref'd) (not designated for publication). In July 2001, appellant filed a pro se motion requesting DNA testing.

In August 2001, the trial court appointed counsel to represent appellant on his motion for DNA testing.

In his motion, appellant argued that he was entitled to post-conviction DNA testing of the rape kit that was collected during the investigation of his case. Appellant stated that the evidence should be retested because the original findings were inconclusive. The original laboratory results showed that no spermatozoa or acid phosphates were detected. However, the original laboratory results also indicated that pulled hair, pubic hair, and "loose head hair" had been taken from the complainant. Appellant contended that the loose head hair had not been tested and that it might have come from a third person. He contended that at the time of the first tests, the DNA testing technology "was not capable of providing accurate probative results," but stated that "newer testing techniques will provide accurate probative results" that could identify the person who committed the offense. The trial court found the motion legally sufficient to warrant a hearing.

At the hearing, the State argued that appellant's motion should be denied. The State first stated that the technology used to detect DNA had not changed since 1990, the time of the original results. The State introduced an affidavit from K. Gibson, an evidentiary records custodian for the Texas Department of Public Safety. Gibson stated that the current screening procedures and limits on detection are the same as in 1990, and, therefore, no better analysis than the previous one is possible.

The State then stated that in 1990 the results of the rape kit were negative and that the State and appellant stipulated to such at his trial. The State argued that although the lack of appellant's DNA in the rape kit was exculpatory evidence, appellant was nevertheless prosecuted and

convicted. The State outlined the trial testimony of S. Brown. Brown was the outcry witness and an eyewitness. Brown testified at trial that she walked in on appellant and the complainant just after the act had occurred. Brown stated that she saw the complainant crying as she sat on the couch with her panties around her ankles. Brown looked around the room and saw appellant behind the door pulling up his pants.

During the course of the hearing, the court asked whether the "loose hairs" noted in the rape kit had been tested. The hearing was adjourned while the State attempted to answer the court's question. Upon reconvening, appellant's attorney stated, "There were no foreign hairs found in the victim's rape kit, all right?"

After reviewing all the evidence presented, the trial court found the evidence insufficient to order forensic DNA testing because "[t]he convicted person has failed to establish by a preponderance of the evidence that ... a reasonable probability exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing." This appeal followed.

## Discussion

■ Before a trial court can order post-conviction DNA testing, the convicted person must meet the requirements of article 64.03 of the Code of Criminal Procedure. Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 3 (amended 2003) (current version at TEX.CODE CRIM. PROC. ANN. art. 64.03 (Vernon Supp.2004–2005)).[1] The relevant portion of article 64.03 states that "[a] convicting court may order forensic DNA testing under this chapter only if ... the convicted person establishes by a preponderance of the evidence that ... a reasonable probability exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing." Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 3 (amended 2003).

■ The convicted person must show that a reasonable probability exists that the DNA tests would prove his innocence. *Rivera v. State,* 89 S.W.3d 55, 59 (Tex. Crim.App.2002). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Torres v. State,* 104 S.W.3d 638, 640 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd) (citing *Ex Parte Guzmon,* 730 S.W.2d 724, 733 (Tex.Crim.App.1987)). A reasonable probability of innocence does not exist if there is sufficient evidence, other than the evidence in question, to establish guilt. *Id.* at 640. The convicted person does not meet this burden if the results would "merely muddy the waters." *Rivera,* 89 S.W.3d at 59 (citing *Kutzner v. State,* 75 S.W.3d 427, 439 (Tex.Crim.App.2002)).

■ We apply a bifurcated standard of review to a trial court's decision to deny post-conviction DNA testing. *Id.* Accordingly, we afford almost total deference to the trial court's determination of issues of historical fact and its application of the law to fact issues that turn on an evaluation of credibility and demeanor. *Id.* We review de novo other application of law to fact issues, including the ultimate question of whether the trial court was required to grant a motion for DNA testing under chapter 64 of the Code of Criminal Procedure. *Id.*

---

1. A convicted person who submits a motion under article 64.03 before September 1, 2003 is covered by the law in effect when the motion was submitted. TEX.CODE CRIM. PROC. ANN. art. 64.03 (Vernon Supp.2004–2005). Act of April 25, 2003, 78th Leg., R.S., ch. 13, § 8, 2003 Tex. Gen. Laws 17. Appellant filed his motion in July 2001, so we apply the law in effect at that time.

In his brief, appellant argues that if the loose head hair included in the rape kit contained the DNA of a third party, the results "would provide at least some evidence of impeachment." Appellant does not argue that the hairs would prove his innocence; instead, he argues he could have attacked the complainant's credibility. However, attacks on credibility are not a valid reason for DNA testing under chapter 64. *See* Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2–5, (amended 2003) (containing statutory provisions governing post-conviction requests for DNA testing).

Appellant was convicted on evidence that included a rape kit that did not contain DNA evidence connecting appellant to the crime. At trial, appellant and the State stipulated that the rape kit had negative results. This was exculpatory evidence and yet appellant was still prosecuted and convicted. There is no evidence that a third person's hair, which was not tested, was in the rape kit or that new techniques exist for testing the same DNA evidence.

Appellant has not proved by a preponderance of the evidence that a reasonable probability exists that he would not have been convicted if he were permitted to conduct DNA testing. *See* Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 3 (amended 2003). Accordingly, based on the record before us, we hold that the trial court did not err in denying appellant's motion for DNA testing. We overrule appellant's sole issue.

### Conclusion

We affirm the judgment of the trial court.