Opinion Issued August 30, 2007







In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00220-CR






FREDDIE SANCHEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 886307





MEMORANDUM OPINION


 A jury convicted appellant, Freddie Sanchez, of aggravated robbery and
assessed punishment at 12 years' confinement. In 2003, this Court affirmed
appellant's conviction on the basis that his appeal was wholly frivolous. See Sanchez
v. State, No. 01-01-01045-CR, 2003 WL 139556 (Tex. App.-Houston [1st Dist.]
2003, no pet.) (not designated for publication). In 2005, appellant filed a motion for
post-conviction forensic DNA testing. See Tex. Code Crim. Proc. Ann. arts. 64.01-64.05 (Vernon 2006). The trial court denied appellant's motion, and appellant now
appeals. We affirm.

Background


 In the underlying case, the complaining witness indicated that three males,
including appellant, assaulted and robbed him. The witness stated at trial that he bit
appellant during the incident. Investigators found gloves at the crime scene and used
them as evidence at appellant's trial. 

 On April 10, 2005, appellant filed a pro se motion for forensic DNA testing. 
On June 22, 2005, appellant's court-appointed counsel filed a motion for DNA
testing. See Tex. Code Crim. Proc. Ann. arts. 64.01-64.05 (Vernon 2006)
(governing when a convicted person may request and when a convicting court may
order post-conviction DNA testing). 

 As required by Chapter 64, appellant included an affidavit to support his
motion. See Tex. Code Crim. Proc. Ann. art. 64.01 (a), (b). Appellant requested
DNA testing on the "glove recovered from the crime scene by detectives" and stated
that "if the DNA in that glove proves to be a match it would prove Freddie Sanchez
guilty, but if the DNA is not that of Freddie Sanchez it would render a finding of
innocence." With his motion, appellant included proposed findings of fact and an
order granting the motion. 

 On January 18, 2006, the State filed its response to appellant's motion and
included proposed findings of fact and conclusions of law. On January 24, the trial
court denied appellant's motion and signed the State's proposed findings. The court
found:

 1. The Court finds, based on the official trial court records, that the above 
styled and numbered cause is associated with Houston Police Department 
offense report number 113450000.

 

 2. The Court finds, based on the credible affidavit of Melchora Vasquez, that 
according to the records of the Harris County District Clerk's Office, the 
Harris County District Clerk's Office is in possession of the following 
evidence in connection with the case of The State of Texas v. Freddie 
Sanchez, cause number 886307:

 a. Photographs (SX 1-SX 6, SX 8-16, SX 21, SX 23, SX 27, SX 28)

 b. Courier slip (SX 7)

 c. Gloves (SX 18-SX 20)

 d. Telephone Cord (SX 22)

 e. Videotape lineup (SX 25)

 f. Photospread (SX 26)

 g. Videotape lineup (SX 29)

 

 3. The Court finds, based on the credible affidavit of Reidun Hilleman, that 

 according to the records of the Houston Police Department Crime
Laboratory, the Houston Police Department Crime Laboratory does not
possess any evidence in connection with Houston Police Department offense
report number 113450000.

 

 4. The Court finds, based on the credible affidavit of K.L. McGinnis, that
according to the records of the Houston Police Department, the Houston
Police Department Property Room does not possess any evidence in
connection with offense report number 113450000.

 

 5. The Court finds that the applicant fails to meet the requirements of Tex.
Code Crim. Proc. art. 64.03(a)(1), showing that the evidence still exists and
is in a condition making DNA testing possible. 


 6. The Court, based on the applicant's failure to meet the requirement of Tex.
Code Crim. Proc. art. 64.03(a)(1), finds in the negative the issues listed in
64.03(a)(1).

 

 7. The Court finds, based on the lack of evidence, that the applicant fails to
show, by a preponderance of the evidence, that a reasonable probability
exists that the applicant would not have been prosecuted or convicted if
exculpatory results had been obtained through DNA testing.

 

 8. The Court finds that the applicant fails to meet the requirement of Tex.
Code Crim. Proc. art. 64.03(a)(2) concerning his burden of proof. 


The court made the following conclusion of law:


 The Court, based on its negative finding of the issues listed in art. 64.03(a)(1)
and its finding that the applicant failed to meet the requirements of 64.03(a)(2),
DENIES the applicant's request for DNA testing in cause number 886307.

 Appellant's Point of Error


 In his sole point of error, appellant asserts the trial court erred in denying his
Motion for Forensic DNA Testing. Appellant contends that he has established the
required elements of article 64.03(a)(1) because the evidence still exists, has been
subject to the proper chain of custody, and because identity was an issue in the case. 
Appellant also contends he has established the required elements of article
64.03(a)(2) by "a preponderance of the evidence because a reasonable probability
would exist that he did not commit the aggravated robbery if his blood is not found
on any of the items" currently in the possession of the Harris County District Clerk's
Office. 

The Standard of Review


 We apply the bifurcated standard of review to a trial court's decision to deny
post-conviction DNA testing. Bates v. State, 177 S.W.3d 451, 453 (Tex.
App.--Houston [1st Dist.] 2005, pet. ref'd) (citing Rivera v. State, 89 S.W.3d 55,
59 (Tex. Crim. App. 2002)). Accordingly, we afford almost total deference to the
trial court's determination of issues of historical fact and its application of the law to
fact issues that turn on an evaluation of credibility and demeanor. Id. We review de
novo other application of law-to-fact issues, including the ultimate question of
whether the trial court was required to grant a motion for DNA testing under Chapter
64 of the Code of Criminal Procedure. Id.

Governing Law


 Chapter 64 of the Code of Criminal Procedure was created in 2001. See Act
of Apr. 5, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2-4. This Chapter
governs a convicted person's right to forensic DNA testing, and article 64.03(a) of
this chapter governs when a court may order such testing. See Tex. Code Crim.
Proc. Ann. art. 64.03(a) (Vernon Supp. 2006). Article 64.03(a) was amended in
2003 and 2007. See Act of Apr. 25, 2003, 78th Leg., R.S., ch. 13, § 3, 2003 Tex. Gen
Laws 16; Act of May 24, 2007, 80th Leg., R.S., ch. 1006, § 4, 2007 Tex. Sess. Law
Serv. (Vernon). The 2003 amended version of the statute governs all motions
submitted by a convicted person on or after the effective date of September 1, 2003. (1) 
Act of Apr. 25, 2003 at ch. 13, § 8-9. Appellant filed his motion in 2005. Thus, the
2003 version of the statute governs the disposition of appellant's motion.

 The 2003 version of article 64.03 of the Code of Criminal Procedure states, in
pertinent part, as follows:

(a) A convicting court may order forensic DNA testing under this chapter only if:

 (1) the court finds that:

 (A) the evidence:

 (i) still exists and is in a condition making DNA testing possible; and

 (ii) has been subjected to a chain of custody sufficient to establish that it has
not been substituted, tampered with, replaced, or altered in any material
respect; and

 (B) identity was or is an issue in the case; and


 (2) the convicted person establishes by a preponderance of the evidence that:

 (A) the person would not have been convicted if exculpatory results had
been obtained through DNA testing; and

 (B) the request for the proposed DNA testing is not made to unreasonably
delay the execution of sentence or administration of justice.

. . . 


(c) If the convicting court finds in the affirmative the issues listed in Subsection (a)(1)
and the convicted person meets the requirements of Subsection (a)(2), the court shall
order that the requested forensic DNA testing be conducted. 


Tex. Code Crim. Proc. Ann. art. 64.03(a), (c) (Vernon Supp. 2006).



Analysis


 "Before a trial court can order post-conviction DNA testing, the convicted
person must meet the requirements of article 64.03 of the Code of Criminal
Procedure." See Bates, 177 S.W.3d at 453. On appeal, appellant claims that if DNA
testing showed that his blood was not present on any of the items in the clerk's
custody, then confidence in his conviction would be undermined. However, the non-existence of appellant's DNA on the gloves found at the crime scene or other
evidence would not necessitate a conclusion that appellant is innocent of the crime. 
See Ard v. State, 191 S.W.3d 342, 347 (Tex. App.--Waco 2007, pet. ref'd). We
cannot conclude that appellant has established by a preponderance of the evidence
that he would not have been convicted if exculpatory results had been obtained
through DNA testing. Therefore, we find appellant failed to meet the requirements
of article 64.03(a)(2).

 Further, the gloves were not the only evidence available to the State. The
record reflects that the complaining witness identified appellant as one of his
assailants. A DNA test in this circumstance would only "muddy the waters." See
Rivera, 89 S.W.3d at 59. 

 Appellant also failed to meet the requirements of article 64.03(a)(1). In
addition to two other required findings, article 64.03(a)(1) requires that the trial court
find that the evidence "still exists and is in a condition making DNA testing
possible." Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i). The trial court
indicated that it reviewed the affidavits provided by the State and found them
credible. Based on the evidence before it, the trial court found that appellant failed
to show that the evidence still exists in a condition to make DNA testing possible. (2) 

 Appellant argues the evidence was subjected to a chain of custody sufficient
to establish "that it has not been substituted, tampered with, replaced, or altered in
any material respect," and that "the State offered no evidence that these pieces of
evidence failed the chain of custody requirement of the statute." (3) The record contains
no evidence as to the chain of custody of the evidence in question or the current
condition of the evidence.

 In Rivera, the Court of Criminal Appeals specifically stated that an appellate
court must give deference to trial court determinations regarding whether the claimed
DNA evidence exists in a condition to be tested. Rivera, 89 S.W.3d at 59. Because
the trial court was in the best position to make the determination regarding whether
appellant proved the evidence was in a condition for DNA testing, we give deference
to the trial court's finding. 

 We hold appellant failed to establish that the evidence he sought to test still
existed in a condition to be tested, and that appellant failed to show he would not
have been convicted had exculpatory results been obtained through DNA testing.

 We affirm the judgment of the trial court.




 Davie Wilson (4)

 Justice



Panel consists of Justices Alcala, Hanks, and Wilson.


Do not publish. See Tex. R. App. P. 47.2(b).
1. The 2007 amendment applies to motions for forensic DNA testing filed on or
after the September 1, 2007, effective date of the act. See Act of May 24,
2007, 80th Leg., R.S., ch. 1006, § 6, 2007 Tex. Sess. Law Serv. (Vernon).
2. Neither appellant's affidavit nor any other evidence addresses the condition of
the evidence.
3. The State carries no burden in this case.
4. The Honorable Davie Wilson, retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.