Opinion issued June 19, 2008







 






In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00718-CR






RANDALL ANTHONY GARCIA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 486198






MEMORANDUM OPINION


 Appellant, Randall Anthony Garcia, appeals the trial court's order denying his
motion for postconviction forensic DNA testing under chapter 64 of the Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 64.01-05 (Vernon 2006
& Supp. 2007). We affirm.

BACKGROUND


 In June 1989, appellant was convicted of the 1987 murder of his wife and was
sentenced to 40 years in prison. He successfully appealed that conviction. See
Garcia v. State, 829 S.W.2d 796 (Tex. Crim. App. 1992). He was retried in February
1997, but the trial court declared a mistrial when the jury was unable to reach a
verdict. After a third trial, in September 1999, appellant was convicted and sentenced
to 80 years in prison. This Court affirmed the conviction. See Garcia v. State, no.
01-00-00073-CR, 2002 WL 1164135 (Tex. App.--Houston [1st Dist.] 2002, pet.
denied) (not designated for publication). On May 26, 2005, appellant filed a motion
requesting postconviction DNA testing. The State filed a motion requesting that the
trial court deny appellant's motion for DNA testing. The trial court denied
appellant's motion and granted the State's motion. This appeal followed.

 Appellant's court-appointed counsel filed an Anders brief, in which he stated
that no valid grounds for appeal exist and that appellant's appeal was frivolous. See
Anders v. State, 386 U.S. 738, 87 S. Ct. 1396 (1967). Specifically, counsel asserted
that, because appellant was tried as a party, any evidence of a third party's DNA at
the crime scene would not be exculpatory. Appellant filed a pro se response
challenging his appellate counsel's recommendation. Specifically, appellant alleged
that if two DNA samples were found at the crime scene, neither of which belonged
to him or the victim, such evidence would be exculpatory. We abated the case and
remanded for appointment of new counsel to address, among other things, the
arguable grounds for relief raised in appellant's pro se response. See Garcia v. State,
2007 WL 441716, *3 (Tex. App.--Houston [1st Dist.] Feb. 8, 2007) (order) (not
designated for publication) (holding that "[i]f the DNA were tested, and two sources
of DNA were recovered (in addition to the complainant's DNA), neither of which
matched appellant, the evidence could arguably be exculpatory if it cast doubt on the
State's evidence placing appellant at the scene of the crime.") However, we
specifically declined to address "whether such exculpatory evidence would be
sufficient to show a reasonable probability that appellant would not have been
convicted," because we "should not reach the merits of appellant's case without first
allowing him appointment of new counsel to address the issue." Id.

 The trial court appointed new appellate counsel, the case was reinstated in this
Court, new briefs were filed by appellant and the State, and we now reach the merits
of this appeal.

DENIAL OF MOTION FOR DNA TESTING

 In three related points of error, appellant contends that (1) he satisfied the
requirements of Chapter 64 of the Texas Code of Criminal Procedure; (2) the fact that 
there was a parties charge does not determine whether evidence is exculpatory in a
particular case; and (3) he established by a preponderance of the evidence that he
would not have been convicted if exculpatory evidence had been obtained through
DNA testing.

Standard of Review

 We apply the bifurcated standard of review to a trial court's decision to deny
post-conviction DNA testing. Bates v. State, 177 S.W.3d 451, 453 (Tex.
App.--Houston [1st Dist.] 2005, pet. ref'd) (citing Rivera v. State, 89 S.W.3d 55, 59
(Tex. Crim. App. 2002)). Accordingly, we afford almost total deference to the trial
court's determination of issues of historical fact and its application of the law to fact
issues that turn on an evaluation of credibility and demeanor. Id. We review de novo
other application of law-to-fact issues, including the ultimate question of whether the
trial court was required to grant a motion for DNA testing under Chapter 64 of the
Code of Criminal Procedure. Id.

 A trial judge is not required to enter written findings supporting his denial of
a defendant's request for DNA testing. Dixon v. State, 242 S.W.3d 929, 933 (Tex.
App.--Dallas 2008, no pet.) When, as here, the trial court does not file findings of
fact, we view the evidence in the light most favorable to the trial court's ruling and
assume the trial court made implicit findings of fact that support its ruling, as long as
those implied findings are supported by the record. State v. Kelly, 204 S.W.3d 808,
818-19 (Tex. Crim. App. 2006). If the trial court's decision is correct on any theory
of the law applicable to the case, we will sustain its decision. State v. Ross, 32
S.W.3d 853, 855-56 (Tex. Crim. App. 2000).

Governing Law

 Chapter 64 of the Code of Criminal Procedure provides a mechanism for
obtaining post-conviction DNA testing. Article 64.01 provides in part:

 (a) A convicted person may submit to the convicting court a motion for
forensic DNA testing of evidence containing biological material. The
motion must be accompanied by an affidavit, sworn to by the convicted
person, containing statements of fact in support of the motion.


 (b) the motion may request forensic DNA testing only of evidence
described by Subsection (a) that was secured in relation to the offense
that is the basis of the challenged conviction and was in the possession
of the state during the trial of the offense, but


 (1) was not previously subjected to DNA testing:


 (A) because DNA testing was:

 (i) not available; or

 (ii) available, but not technologically capable of
providing probative results, or


Tex. Code Crim. Proc. Ann. art. 64.01(a), (b)(1)(A)(i),(ii).


 Article 64.03 of the Code of Criminal Procedure states, in pertinent part, as
follows:

 (a) A convicting court may order forensic DNA testing under this
chapter only if:


 (1) the court finds that:


 (A) the evidence:


 (i) still exists and is in a condition making DNA
testing possible; and

 (ii) has been subjected to a chain of custody
sufficient to establish that it has not been
substituted, tampered with, replaced, or altered in
any material respect; and


 (B) identity was or is an issue in the case; and


 (2) the convicted person establishes by a preponderance of the
evidence that:


 (A) the person would not have been convicted if
exculpatory results had been obtained through DNA
testing; and


 (B) the request for the proposed DNA testing is not made
to unreasonably delay the execution of sentence or
administration of justice.

. . . 



 (c) If the convicting court finds in the affirmative the issues listed in
Subsection (a)(1) and the convicted person meets the requirements of
Subsection (a)(2), the court shall order that the requested forensic DNA
testing be conducted. 


Tex. Code Crim. Proc. Ann. art. 64.03(a), (c)


Analysis

 "Before a trial court can order post-conviction DNA testing, the convicted
person must meet the requirements of article 64.03 of the Code of Criminal
Procedure." Bates, 177 S.W.3d at 453. To successfully carry this burden, the
defendant must do more than merely allege in his motion that the requirements have
been met; he must provide affidavits containing statements of fact in support of his
motion. Tex. Code Crim. Proc. Ann. art. 64.01(a); Dinkins v. State, 84 S.W.3d 639,
642 (Tex. Crim. App. 2002).

 The State argues that appellant's motion and affidavits are deficient in several
respects. Specifically, the State argues that appellant's affidavits do not contain
statements of fact relating to whether the evidence (1) had been previously subjected
to DNA testing, (2) still exists in a condition making DNA testing possible, and (3)
has been subjected to a sufficient chain of custody. We agree.

 In Dinkins, the defendant filed a motion alleging that the evidence he sought
to have tested had never been submitted for DNA testing, and that the means of
testing available during his trial were outdated. 84 S.W.3d at 642. However, his
affidavit did not provide a statement of fact in support of these claims. Id. Although
Dinkins's expert submitted an affidavit that made general statements about the type
of DNA testing available at the time of trial, he did not specifically address whether
the DNA available at the time of trial was capable of providing probative results. Id. 
Accordingly, the Court of Criminal Appeals held that "[b]ecause appellant has failed
to provide facts in support of his motion," the trial court did not err in denying
Dinkins's motion for DNA testing. Id.

 In this case, appellant's motion requested "DNA testing of evidence containing
biological material that was secured in relation to such offense and was in the
possession of the State at the time the Petitioner was tried, but has not been subjected
to DNA testing." The motion further alleged that '[t]he various items which are listed
in the attached affidavits, which contain or may contain biological material, were not
previously subjected to DNA testing through no fault of the Petitioner . . . ." 
However, appellant's affidavit contains only the following statement of fact:

 I was convicted of murdering my wife, Ileana Garcia. She was
murdered in her apartment on October 9, 1997. I did not murder my
wife and I know that if items that were recovered from her apartment by
the police were subjected to DNA testing, it would prove that I did not
murder her.


 Appellant also attached the affidavits from the custodian of evidence at the
Houston Police Department, the Harris County District Attorney's Office, the Harris
County Sheriff's Office, the Webster Police Department, the Harris County Medical
Examiner's Office, the Harris County Medical Examiner's Office DNA lab, the Harris
County Medical Examiner's Office TRACE lab, and the FBI. These affidavits list
what evidence, if any, related to appellant's case is in the custody of each
organization. However, the affidavits do not address the condition of the evidence
or whether it has been previously tested for DNA.

 As such, appellant fails to meet the requirements of article 64.03(a)(1), which
requires that the trial court find that the evidence "still exists and is in a condition
making DNA testing possible." Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i). 
Similarly, appellant fails to meet the requirements of article 64.01(b)(1), which
provides that DNA testing is available only if the evidence was not previously
subjected to DNA testing. Tex. Code Crim. Proc. Ann. art. 64.01(b)(1). Finally,
there is nothing in appellant's affidavits to show the chain of custody of the evidence
in question. The affidavits show the present custodian of several items of evidence,
but they do now show a chain of custody. Thus, appellant fails to meet the
requirements of article 64.03(a)(1), which requires that the trial court find that the
evidence has been "subjected to a chain of custody sufficient to establish that it has
not been substituted, tampered with, replaced, or altered in any material respect." 
Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(ii).

 Because appellant's evidence failed to establish these requirements of Chapter
64, the trial court did not err in denying appellant's motion for DNA testing. See
Dinkins, 84 S.W.3d at 642.

CONCLUSION

 We affirm the trial court's order denying appellant's request for DNA testing.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.


Do not publish. Tex. R. App. P. 47.2(b).