Opinion issued May 6, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00580-CR

———————————

JOHN WAYNE BATES, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 212th District Court 

Galveston County, Texas



Trial Court Case No. 90CR0288

 



 

O P I N I O N

          Appellant,
John Wayne Bates, challenges the trial court’s order denying his second motion
for post-conviction DNA testing. 
Specifically, appellant claims that the trial court erred by ruling on
his motion without first appointing counsel or granting him a hearing.  We affirm.

BACKGROUND

In May 1990, appellant was
convicted of aggravated sexual assault of a child and his punishment was
assessed at confinement for life.  This
Court affirmed his conviction.  See Bates v. State, No. 01-90-00809-CR, 1992
WL 76400 (Tex. App.—Houston [1st Dist.] Apr. 16, 1992, pet. ref’d) (not
designated for publication.).

In July 2001, appellant filed his
first motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure,
seeking the testing of hairs taken from the complainant and appellant.  The trial court appointed counsel for
appellant, heard evidence, and then denied appellant’s motion.  The trial court’s order stated that appellant
had not shown that there was a reasonable probability that appellant would not
have been convicted if exculpatory results had been sustained through DNA
testing.  See Tex. Code Crim. Proc. Ann. art.  64.03(a)(2)(A) (Vernon 2006)
(stating that applicant for DNA testing must establish that “the person would
not have been convicted if exculpatory results had been obtained through DNA
testing”).

Appellant appealed the trial court’s denial of his first motion for DNA
testing.  This Court affirmed the trial
court’s order, holding that “appellant has not proved by a preponderance of the
evidence that a reasonable probability exists that he would have been convicted
if he were permitted to conduct DNA testing.”  In re
Bates, 177 S.W.3d 451, 453 (Tex. App.—Houston [1st Dist.] 2005, pet.
ref’d).  This Court noted that the outcry
witness testified that she had walked in on the complainant and appellant just
after the incident had occurred and saw the complainant crying as she sat on
the couch with her panties around her ankles. 
Id.  The witness also saw appellant behind a door,
pulling up his pants.  Id.  This
Court also noted that the State had stipulated to exculpatory evidence showing
that the rape kit conducted on the complainant was negative, but that appellant
was convicted anyway.  Id. at 454.

In August 2007, appellant filed a second motion for DNA testing, again
seeking to have the hairs taken from the complainant and appellant tested.  Appellant also filed a motion for appointment
of counsel.  On April 29, 2008, the trial
court denied appellant’s second motion for DNA testing, again noting that the
motion “fails to establish by a preponderance of the evidence that [appellant]
would not have been convicted if exculpatory results had been obtained through
DNA testing[.]”  The trial court also
denied appellant’s motion requesting appointment of counsel.[1]

Appellant brings two issues on appeal. 
First, appellant argues that the trial court erred in failing to appoint
counsel to represent him in his second motion for DNA testing and on his motion
to appoint counsel.  Second, appellant
argues that the trial court erred in failing to hold hearings on his motion for
appointment of counsel and the merits of his second motion for DNA
testing.  We address each issue
respectively.

RIGHT TO APPOINTED
COUNSEL

          Appellant argues that the law permits successive
motions for DNA testing and that he was entitled to a hearing and appointment
of counsel because, “since the original charge in 1990 to the present, he has
always been found to be indigent and has always been provided court appointed
counsel.”  Therefore, appellant argues
that the trial court erred by refusing to appoint counsel for him.

          We agree that Chapter 64 does not
prohibit a second, or successive, motions for forensic DNA testing.  See Ex
parte Baker, 185 S.W.3d 894, 897 (Tex. Crim. App. 2006).  However, “the entitlement to counsel [in a
post-conviction DNA proceeding] is not absolute; it is conditioned on three
criteria.” Gutierrez v. State, No.
AP-76,186, 2010 WL 1050325, at *2 (Tex. Crim. App. March 24, 2010).  First, a defendant must inform the trial
court that he or she wishes to submit a motion. 
Id.  Second, the trial court must find that
“reasonable grounds” exist for the filing of a motion.  Id.  Third, the trial court must find that the
convicted person is indigent.  Id.  

          The second criteria is relevant in
this appeal because the State argues that appellant failed to show reasonable
grounds for filing the motion.  The
statute does not define “reasonable grounds.” 
However, the San Antonio and Texarkana Courts of Appeals have looked to
the requirements of Chapter 64.03 to determine whether reasonable grounds for
the filing of a motion have been asserted. 
In Blake v. State, 208 S.W.3d
693, 695 (Tex. App.—Texarkana 2006, no pet.), the court held that no reasonable
grounds existed for the filing of the motion because the trial court had
evidence that no biological material still existed, as required by article
64.03(a)(1)(A)(i).  In Lewis v. State, 191 S.W.3d 225, 228 (Tex.
App.—San Antonio 2006, pet. ref’d), the court held that no reasonable grounds
existed for filing the motion because (1) the trial court had evidence that no
biological material still existed, as required by article 64.03(a)(1)(A)(i),
and because (2) the court could have reasonably concluded that identity was not
an issue in the case, as required by article 64.03(a)(1)(B). 

In addition to the requirements of article 64.03 relied on by Lewis and Blake courts, the statute also requires a person requesting DNA evidence
to show that he or she “would not have been convicted if exculpatory results
had been obtained through DNA testing.”  Tex. Code Crim. Proc. Ann. art.  64.03(a)(2)(A). To meet this requirement, a
convicted person must show that “a reasonable probability exists that
exculpatory DNA tests would prove their innocence.”  Rivera
v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).  On appeal from appellant’s first motion for
DNA testing, this Court affirmed the trial court’s ruling that appellant could
not show that “a reasonable probability exists that he would not have convicted
if permitted to conduct DNA testing.”  Bates, 177 S.W.3d at 454.  Appellant’s second request for DNA testing
added nothing to change this holding.   Appellant does not argue how analyzing the
DNA of the hairs would reasonably prove his innocence, or how it would outweigh
the eyewitness testimony of the outcry witness at trial.  We are also mindful that the jury convicted appellant,
even though it heard evidence that the rape kit was negative for appellant’s
DNA.  We are unable to see how additional
negative DNA evidence regarding the hairs would prove his innocence. 

In light of this Court’s earlier holding that appellant had failed to
meet one of the requirements of article 64.03 and the fact that appellant’s
subsequent motion did not add anything to meet this requirement, we hold that
the trial court did not err in concluding that appellant had failed to show reasonable
grounds for the appointment of counsel.

 

 

RIGHT TO A HEARING

          Appellant also claims the trial court erred by not
holding a hearing on his motion for appointment of counsel and motion for DNA
testing.  We disagree.  The Court of Criminal Appeals has held that article
64.03 does not require a hearing before the trial court determines whether a
defendant is entitled to DNA testing.  Riviera, 89 S.W.3d at 58–59.  The court noted that if the Legislature had intended
for a hearing to be mandatory, it could have so specified in the statute, but
did not.  Id.  Similarly, we note that
nothing in article 64.01(c) requires a hearing before the trial court
determines whether a defendant has met the requirements for the appointment of
counsel.

CONCLUSION

          We overrule appellant’s issues on appeal and affirm
the judgment of the trial court.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Higley.

Publish.   Tex. R. App. P. 47.2(b).











[1]
              We
note that the same trial court judge considered both appellant’s first and
second motions for  DNA testing.