**AFFIRM; Opinion Filed March 26, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-01235-CR**

**No. 05-13-01237-CR**

**JOHN CLOUD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F93-61603-N, F93-61604-N**

## MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice Myers

Appellant has filed his third appeal challenging an order from the trial court denying a request for post-conviction DNA testing. This Court affirmed the trial court's orders in the two previous appeals. *See Cloud v. State*, Nos. 05–07–01414–CR & 05–07–01415–CR, 2008 WL 3020817 (Tex. App.—Dallas Aug. 6, 2008, pet. ref'd) (not designated for publication) (*Cloud* II); *Cloud v. State*, Nos. 05–03–01146–CR & 05–03–01162–CR, 2004 WL 1615832 (Tex. App. —Dallas July 20, 2004, pet. ref'd) (mem. op., not designated for publication) (*Cloud* I). In this appeal, appellant argues the trial court erred by denying his motion for post-conviction DNA testing. We affirm the trial court's order in both causes.

### DISCUSSION

On May 3, 1996, appellant was convicted of two counts of aggravated sexual assault of a

child younger than fourteen years of age. The evidence at trial showed that two girls, N and B, who were acquainted with appellant and his daughter, claimed appellant sexually assaulted them. They alleged that appellant inserted his finger into their vaginas one night when they were spending the night at appellant's home. DNA evidence collected in the case consisted of seminal fluid and spermatozoa on N's underwear (the semen was tested prior to trial and found not to belong to appellant) and a small, light brown pubic or body hair from B's underwear (which, as we stated in our previous opinion, "was apparently not tested"). *See Cloud* II, 2008 WL 3020817, at *1. Just before the start of trial, the trial court granted the State's third motion in limine and excluded the DNA evidence found on N's underwear as irrelevant to the charged offenses. *Id*. at n.2. We affirmed the convictions. *Cloud v. State*, Nos. 05–96–00732–CR & 05–96–00733–CR, 1998 WL 227941 (Tex. App.—Dallas May 8, 1998, pet. ref'd) (not designated for publication).[1]

In his issue, appellant argues the trial court erred by denying his motion for the post-conviction DNA testing of N's underwear, and the hair recovered from B's underwear, because identity was an issue in these cases and there was a fifty percent chance he would not have been convicted had exculpatory results been obtained through DNA testing.

We review the trial court's ruling on a motion for post-conviction DNA testing under a bifurcated standard of review. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). Under this standard, we afford "almost total deference" to the trial court's determination of historical-fact and application-of-law-to-fact issues that turn on an evaluation of witness credibility and demeanor, but review de novo all other application-of-law-to-fact issues. *Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011) (citing *Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008)).

---

[1] The underlying facts of these cases are set forth in our opinion affirming the underlying convictions, and need not be repeated here. *See Cloud*, 1998 WL 227941, at *1–3.

The convicting court may order post-conviction DNA testing only if it finds, among other things, that "identity was or is an issue in the case." *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B); *Leal v. State*, 303 S.W.3d 292, 296 (Tex. Crim. App. 2009). In addition, the trial court could order the requested post-conviction DNA only if "the convicted person establishes by a preponderance of the evidence that . . . the person would not have been convicted if exculpatory results had been obtained through DNA testing." *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A); *Gutierrez*, 337 S.W.3d at 899. In other words, "[u]nder Article 64.03, a convicted person is not entitled to DNA testing unless he first shows that there is 'greater than a 50% chance that he would not have been convicted if DNA testing provided exculpatory results.'" *Gutierrez*, 337 S.W.3d at 899 (quoting *Prible v. State*, 245 S.W.3d 466, 467–68 (Tex. Crim. App. 2008)).

Regardless of a defendant's plea and the strength of identification evidence at trial, a defendant can make identity an issue by showing DNA tests would prove his innocence. *Esparza v. State*, 282 S.W.3d 913, 922 (Tex. Crim. App. 2009); *Blacklock v. State*, 235 S.W.3d 231, 233 (Tex. Crim. App. 2007). However, chapter 64's identity requirement "relates to the issue of identity as it pertains to the DNA evidence." *Prible*, 245 S.W.3d at 470. If DNA testing would not determine the identity of the person who committed the offense or would not exculpate the person convicted, then the statutory requirements are not met. *Id.*; *Sheckells v. State*, 05–09–00747–CR, 2011 WL 1367087, at *3 (Tex. App.—Dallas April 12, 2011, pet. ref'd) (not designated for publication).

The record in these cases shows that both B and N knew appellant and had been spending the night at his home when the offenses occurred. Appellant was convicted of penetrating the sexual organ of both complainants with his finger. We have previously concluded that even if the hair from B's underwear was found not to belong to appellant, this finding would not prove

appellant's innocence. *See Cloud* II, 2008 WL 3020817, at *1. The same is true regarding any DNA potentially found on N's underwear. There is no indication that the perpetrator touched or handled N's underwear. Indeed, trial testimony showed that both girls removed their underwear themselves, at appellant's direction, prior to the assault. *Cloud*, 1998 WL 227941, at *1. Additionally, DNA testing conducted prior to trial showed that the semen on N's underwear did not belong to appellant; further testing would have only confirmed these results.

We also note that, in his brief, appellant alleges that the record contains numerous fabrications or inconsistencies, especially in the testimony of the two complainants. Attacks on credibility are not valid reasons for DNA testing under chapter 64. *Bates v. State*, 177 S.W.3d 451, 454 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *see also In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.—Austin 2012, no pet.) ("[C]hapter 64 does not confer jurisdiction on an appellate court to consider 'collateral attacks on the trial court's judgment or to review, under the guise of a DNA testing appeal, anything beyond the scope of those articles.'") (quoting *Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd)); *Cloud* II, 2008 WL 3020817, at *1 ("Under article 64.05, appellant's right of appeal is limited to those matters contained in the chapter authorizing post-conviction DNA testing.").

Because the record contains no evidence showing that appellant would not have been convicted if exculpatory results had been obtained through DNA testing and that identity was an issue in these cases, appellant did not meet his burden under chapter 64. Thus, the trial court did not err by denying appellant's motion for post-conviction DNA testing. We overrule appellant's issue.

We affirm the trial court's order denying appellant's motion for post-conviction DNA testing.


/ Lana Myers/
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
131235F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN CLOUD, Appellant

No. 05-13-01235-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F93-61603-N.
Opinion delivered by Justice Myers.
Justices O'Neill and Brown participating.

Based on the Court's opinion of this date, the order of the trial court denying John Cloud's motion for post-conviction DNA testing pursuant to chapter 64 of the Texas Code of Criminal Procedure is **AFFIRMED**.

Judgment entered this 26th day of March, 2014.

/ Lana Myers/
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN CLOUD, Appellant

No. 05-13-01237-CR V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F93-61604-N.
Opinion delivered by Justice Myers.
Justices O'Neill and Brown participating.

Based on the Court's opinion of this date, the order of the trial court denying John Cloud's motion for post-conviction DNA testing pursuant to chapter 64 of the Texas Code of Criminal Procedure is **AFFIRMED**.

Judgment entered this 26th day of March, 2014.

/Lana Myers/
LANA MYERS
JUSTICE