**Affirmed and Memorandum Opinion filed September 1, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00342-CR

**JOHN WAYNE BATES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 90-CR-0288**

## MEMORANDUM OPINION

Appellant appeals from the trial court's denial of his fifth motion for post-conviction DNA testing. *See* Tex. Code Crim. Proc. Ann. art 64.05 (authorizing appeal). He argues the trial court erred because technology has advanced since the time of his trial and the State should have been required to produce, for further testing, items which he believes in good faith should contain DNA evidence based on the facts and circumstances of the allegation against him. We affirm the order of the trial court.

## I.    BACKGROUND

In May 1990, appellant was convicted of aggravated sexual assault of a child, and his punishment was assessed at confinement for life. *See* Tex. Penal Code Ann. § 22.021 (aggravated sexual assault). His conviction was affirmed on appeal. *See Bates v. State*, No. 01-90-00809-CR, 1992 WL 76400 (Tex. App.—Houston [1st Dist.] Apr. 16, 1992, pet. ref'd) (not designated for publication).

In July 2001, after the legislature enacted Code of Criminal Procedure chapter 64 allowing motions for post-conviction DNA testing, appellant filed a motion seeking the testing of hairs taken from the complainant and him. *See* Tex. Code Crim. Proc. Ann. arts. 64.01–.05. The trial court appointed counsel for appellant, heard evidence, and then denied appellant's motion. The trial court's order stated that appellant had not shown there was a reasonable probability that appellant would not have been convicted if exculpatory results had been sustained through DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A) (stating applicant for DNA testing must establish that "the person would not have been convicted if exculpatory results had been obtained through DNA testing").

Appellant appealed the trial court's denial of his first motion for DNA testing. The First Court of Appeals affirmed the trial court's order, holding "appellant has not proved by a preponderance of the evidence that a reasonable probability exists that he would have been convicted if he were permitted to conduct DNA testing." *See Bates v. State*, 177 S.W.3d 451, 452–53 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (No. 01-04-00033-CR). The court noted an outcry witness, the complainant's aunt, testified that she had walked in on the complainant and appellant just after the incident had occurred and saw the complainant crying as she sat on the couch with her panties around her ankles. *Id.* The witness also saw appellant behind a door, pulling up his pants. *Id.* The court

considered that the State had "stipulated that the rape kit had negative results," but that appellant was still convicted. *Id.* at 454. Finally, the court described there was "no evidence that a third person's hair, which was not tested, was in the rape kit or that new techniques exist for testing the same DNA evidence." *Id.*

In August 2007, appellant filed a second motion for DNA testing, again seeking to have the hairs taken from the complainant and appellant tested. Appellant also filed a motion for appointment of counsel. The trial court denied appellant's second motion for DNA testing, noting that the motion "fails to establish by a preponderance of the evidence that [appellant] would not have been convicted if exculpatory results had been obtained through DNA testing[.]" The trial court also denied appellant's motion requesting appointment of counsel. On appeal the trial court's ruling was affirmed. *Bates v. State*, 315 S.W.3d 598, 601 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (originally filed as No. 14-08-00448-CR, but transferred and filed as No. 01-08-00580-CR).

Appellant subsequently filed three more motions for post-conviction DNA testing which were denied by the trial court.[1] Appellant now appeals the denial of his fifth motion, filed in 2019, seeking DNA testing of more than 37 materials from the rape kit including clothes worn by appellant and the complainant and hairs collected at the scene.[2, 3] Although the scope of appellant's request for testing

---

[1] The denial of appellant's third motion for post-conviction DNA testing was not appealed. In 2012, appellant filed his fourth motion for post-conviction DNA test which was denied by the trial court. Appellant appealed the denial but later dismissed his appeal. *Bates v. State*, No. 14-13-00016-CR, 2013 WL 329005 (Tex. App.—Houston [14th Dist.] Jan. 29, 2013, pet. ref'd) (not designated for publication).

[2] Appellant's motion states that he seeks to have 37 items tested. Though he does not identify 37 items, his motion generally seeks to have the sexual assault kits for both the complainant and appellant retested, as well as the clothing worn by the complainant and appellant. He also seeks to obtain the physician's medical record report and the "DPS written report" referencing any "biological findings, analyzed data, and opinions of the [analyst]."

[3] Because the First Court of Appeals heard the initial appeal and the first and second

has changed from motion-to-motion, the justification has remained the same: appellant wants to establish that the biological material collected from the scene was not his.

## II. ANALYSIS

In his fifth motion, appellant argued that newer, more advanced DNA-testing technology had the potential to demonstrate that he was not the donor of any DNA material found on the complainant, which evidence he believed might create a reasonable doubt as to whether he committed the crime. However, the jury that convicted appellant was aware there was no physical or DNA evidence linking appellant to the sexual assault of the complainant. *See Bates v. State*, 315 S.W.3d at 601; *Bates,* 177 S.W.3d at 454.

### A. Applicable law

Generally, we review a trial court's decision on a motion related to DNA testing under a bifurcated standard of review. *Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004). We give almost total deference to the trial court's determination of historical facts and other issues supported by the record and applications of law-to-fact as it relates to witness credibility and demeanor, but review all other application of law-to-fact de novo. *See Reed v. State*, 541 S.W.3d 759, 768 (Tex. Crim. App. 2017).

Code of Criminal Procedure chapter 64 governs a convicted person's request for post-conviction DNA testing and contains multiple threshold requirements that must be met before an applicant is entitled to such testing. *See* Tex. Code Crim.

---

motions for post-conviction DNA testing, we have offered to transfer the case to our sister court under our local rules. 1st & 14th Tex. App. (Houston) Loc. R. 1.4, 1.5. The First Court of Appeals declined the transfer due to the procedural history of the case in both the First and Fourteenth Courts of Appeal. We therefore take judicial notice of our sister court's records, including the reporter's record from the 1990 trial. *See* Tex. R. Evid. 201(b)(2).

Proc. Ann. arts. 64.01–.05. The statute provides that a convicting court may order forensic-DNA testing under this chapter only if the court finds: (1) the evidence still exists is in a condition making DNA testing possible and has been subjected to a chain of custody sufficient to establish that it has not been altered in any material respect; (2) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; (3) identity was or is an issue in the case; (4) the convicted person establishes by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing; and (5) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a); *see also Reed*, 541 S.W.3d at 768. The term "exculpatory results" has been held to mean only results that would exclude the convicted person as the donor of the material. *See State v. Swearingen*, 424 S.W.3d 32, 38 (Tex. Crim. App. 2014).

For materials previously subjected to DNA testing, a movant may request retesting if the evidence "can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test."[4] Tex. Code Crim. Proc. Ann. art. 64.01(b)(2); *see also Swearingen v. State*, 303 S.W.3d 728, 732 (Tex. Crim. App. 2010). The court of criminal appeals has held that not every advance in technology will

---

[4] The State conceded in the trial court that DNA technology has advanced considerably since 1990 when the original forensic testing was performed in this case. In *Ex parte Kussmaul*, relied on by appellant, the court of criminal appeals discussed some of the advances in DNA-testing technology which generally allow for testing of smaller samples and provide capability for extracting profiles from samples containing a mixture of several persons' DNA. 548 S.W.3d 606, 635 (Tex. Crim. App. 2018). While we agree with appellant that DNA technology has advanced considerably since 1990, the court of criminal appeals in *Kussmaul* did not address a situation in which no DNA other than that of the complainant was found—the situation we have here. *See id.* at 609–10 (post-conviction DNA results excluding applicants as contributors and revealing DNA profiles of two unidentified individuals resulted in court of criminal appeals granting habeas-corpus relief).

provide additional testing opportunities. *See Routier v. State,* 273 S.W.3d 241, 248 (Tex. Crim. App. 2008). The relevant inquiry is not "whether new technology would yield more probative results, but whether then-existing technology was capable of yielding any probative results at all." *Swearingen,* 303 S.W.3d at 734. Generally, if "new testing will only confirm the results of the old testing, albeit with greater accuracy . . . appellant has not shown the new testing to be more probative[.]" *See Routier,* 273 S.W.3d at 250.

## B.    Appellant has not met his burden

In his fifth motion for post-conviction DNA testing, appellant cites *Ex parte Kussmaul* and argues advances in technology are a valid reason for retesting because DNA technology has advanced significantly in the last thirty years. 548 S.W.3d 606, 635 (Tex. Crim. App. 2018). Appellant also argues the State has never produced certain items of clothing for testing. Finally appellant argues that without any DNA evidence connecting him to the assault, "then [it] raises reasonable doubt that the Offense of sexual assault happened."[5]

In response, the State argues that appellant did not meet his burden. First, the State cites trial testimony indicating that no seminal fluid or components of semen were found on the complainant or on her clothes. The State also cites the conclusion of our sister court that "[t]here is no evidence that a third person's hair . . . was in the rape kit[.]" *Bates*, 177 S.W.3d at 454. Finally, the State argues the jury knew there was no physical evidence connecting appellant to the sexual assault but convicted appellant based on the testimony of the complainant and her aunt.

---

[5] In his motion filed in the trial court, appellant argues that because the State alleges an assault took place, "thus there is DNA available on a number of articles that were worn by both the Petitioner and the alleged victim." However, the record does not support appellant's assumption.

6

We agree the record reflects that no seminal fluid or other biological evidence of a contributor other than the complainant were found on the complainant. Without biological evidence to test, further testing or retesting would not lead to a more probative result. Appellant has not met his burden to establish there is a reasonable likelihood that evidence exists containing biological material suitable for DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.03.

At trial, the jury heard testimony there was no DNA evidence found linking appellant to the offense. As discussed by our sister court, this was exculpatory evidence and yet the jury still convicted appellant. *Bates*, 177 S.W.3d at 454. The jury instead convicted appellant based on testimony from the complainant and her aunt. Because appellant has not met his burden to demonstrate (1) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing and (2) by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing, we conclude the trial court did not err in denying appellant's motion for post-conviction DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a).

We overrule appellant's sole issue.

## III. CONCLUSION

We affirm the order of the trial court as challenged on appeal.

/s/     Charles A. Spain
          Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.

Do Not Publish — TEX. R. APP. P. 47.2(b).

7