James Ray BLAKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–06–00058–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 4, 2006.

Decided Oct. 19, 2006.

David A. Pearson, IV, Fort Worth, for appellant.

Deborah Moore, Asst. County Atty., Gary D. Young, Dist. Atty., Paris, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

On January 20, 1978, a jury found James Ray Blake guilty of the offense of burglary of a habitation and assessed his punishment at imprisonment for life, and he was sentenced accordingly. In September 2005, Blake filed a "Request To Conduct DNA Testing Under Art. 64.01 Tex.Code Crim. Proc." The State filed its response to Blake's motion October 20 and claimed that any evidence that might have existed was destroyed in 1994, pursuant to an order from the trial court. Attached to the State's response was (1) an affidavit from the district clerk of Lamar County that stated "no DNA evidence remains" and (2) an order signed by the presiding judge of the Sixth District Court and dated August 16, 1994, ordering the destruction of all exhibits filed with the clerk of the district court in Blake's case.

On February 6, 2006, the court below entered findings of fact and conclusions of law regarding Blake's motion for DNA testing, and denied the motion. Blake now appeals, claiming the trial court erred by failing to provide appointed counsel during the pendency of those proceedings.

While neither our federal nor state constitution guarantees a convicted person the right to counsel in a post-conviction collateral attack proceeding, see *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Ex parte Mines*, 26 S.W.3d 910, 913 (Tex.Crim.App. 2000), the Texas Legislature has expressly guaranteed a person the statutory right to counsel during a proceeding in which that person seeks post-conviction DNA testing of the State's evidence. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Supp.2006). However, this statutory right to counsel is not without conditions, nor is the counsel to be automatically appointed on the mere filing of a motion for DNA testing. Instead, the convicting court is required to appoint counsel only "if the person informs the court that the person wishes to submit a motion under [Chapter 64], the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent." TEX. CODE CRIM. PROC. ANN. art. 64.01(c).

There is no request for the appointment of counsel and no claim of indigency in Blake's motion for post-conviction DNA testing, the unnotarized jurat to that motion, or the attached affidavit. The final document attached to Blake's motion for post-conviction DNA testing is entitled "Affirmation"; in that one-page document Blake does not claim or suggest he is

indigent, nor does he request the appointment of counsel. There is no other evidence attached to Blake's application that, by itself, would suggest he is a person without means to employ a private attorney regarding this matter.

On October 4, 2005, Blake filed a different motion in which he requested a copy of the reporter's record from his 1978 trial for purposes of preparing an application for writ of habeas corpus. *See* TEX.CODE CRIM. PROC. ANN. art. 11.07, § 3 (Vernon 2005). Blake asked the trial court to provide a copy of the reporter's record without cost because he "is an indigent inmate incarcerated at the Eastham Unit of the TDCJ–CID, [and] he is unable to afford the costs for purchasing a complete copy of his trial record for use in preparation of a post conviction application for Writ of Habeas Corpus." Blake's motion is not accompanied by any additional evidence, such as a copy of his inmate trust account statement. Nor does Blake's request for a free reporter's record contain any reference to his request of the previous month for post-conviction DNA testing.

While the October 4 filing clearly suggests Blake's indigent status, that filing is entirely unrelated to his Chapter 64 motion. As Article 64.01 requires the appointment of counsel for the post-conviction DNA proceeding—if (1) the trial court finds the person has informed the court he or she wishes to file a post-conviction DNA testing request, (2) the court finds reasonable grounds exist for the motion to be filed, and (3) the court determines the person is indigent—we believe it should be incumbent on the applicant seeking post-conviction DNA testing to request the appointment of counsel as part of a motion directly connected with that proceeding. It is insufficient that a different request might be buried elsewhere in the trial court's file as part of an unrelated or ancillary proceeding. As Blake never requested the appointment of counsel in connection with his request for post-conviction DNA testing, nor did he allege or suggest he was indigent in any filing connected with that application, we cannot say the trial court erred in failing, sua sponte, to appoint Blake counsel for purposes of the Chapter 64 proceeding.

In *Winters v. Presiding Judge of the Criminal Dist. Court Number Three of Tarrant County*, 118 S.W.3d 773, 775 (Tex. Crim.App.2003), the Texas Court of Criminal Appeals found the trial court had erred by failing to appoint counsel in a post-conviction DNA proceeding, even though no biological evidence still existed in the case. However, the version of Article 64.01 on which the *Winters* court based its decision required only that trial courts determine (1) that the applicant wished to pursue post-conviction DNA testing and (2) that the applicant was indigent. *Id.* Since *Winters*, the Texas Legislature has amended Article 64.01(c) to add a third requirement: trial courts must now also find reasonable grounds for the motion to be filed. *See* Act of Apr. 25, 2003, 78th Leg., R.S., ch. 13, § 1, 2003 Tex. Gen. Laws 16.

Here, the trial court had evidence that no biological material still existed that could be submitted for DNA testing. We believe that this evidence provided a sufficient justification for the trial court to determine there were no reasonable grounds for the Chapter 64 motion to be filed. Accordingly, we cannot say the trial court erred by failing to, sua sponte, appoint counsel for purposes of Blake's post-conviction DNA proceeding. *Cf. Lewis v. State*, 191 S.W.3d 225, 227–29 (Tex.App.-San Antonio 2005, pet. ref'd) (trial court had testimony no evidence remained that could be submitted for testing; trial court

did not err by not providing appointed counsel).

For the reasons stated, we overrule Blake's sole point of error and affirm the trial court's judgment.