In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-344 CR


 ______________________


 

JEREMY LEE CONLIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 9th District Court 


Montgomery County, Texas


Trial Cause No. 04-10-08389 CR






MEMORANDUM OPINION


 Jeremy Lee Conlin appeals, pro se, an order denying a motion for post-conviction
forensic DNA testing and a request for the appointment of counsel. Conlin raises fourteen
issues on appeal. We affirm the trial court's order. The Guilty Plea

 Pursuant to a plea bargain agreement, Conlin pled guilty to sexual assault of a child. 
See Tex. Pen. Code Ann. § 22.011(a)(2) (Vernon Supp. 2007). The trial court found Conlin
guilty and assessed punishment at ten years of confinement in the Institutional Division of
the Texas Department of Criminal Justice. This Court dismissed Conlin's appeal for want
of jurisdiction. See Conlin v. State, No. 09-05-332 CR, 2005 WL 2036236, at *1 (Tex. App.--Beaumont Aug. 24, 2005, no pet.) (not designated for publication). 

The DNA Motion

 The Department of Public Safety had conducted a DNA test on a stain on the child's
underwear and ultimately concluded that Conlin could not be excluded as a contributor to the
stain. Conlin filed a pro se motion for post-conviction DNA testing and for the appointment
of counsel. The trial court denied Conlin's motion and found that:

 (1) identity was not and is not now an issue in this case;


 (2) DNA testing of the semen stain found on the victim's panties was
conducted with current techniques used to input data into the CODIS database,
and further testing would not yield a different result; and


 (3) the convicted person is not entitled to the appointment of counsel. 


Standard of Review

 

 In reviewing a trial court's decision on a request for post-conviction DNA testing, an
appellate court uses a bifurcated standard of review. Rivera v. State, 89 S.W.3d 55, 59 (Tex.
Crim. App. 2002). The appellate court defers to the trial court's determination of issues of
historical facts and issues of application of law to fact that turn on credibility and demeanor,
and conducts a de novo review of other issues of application of law to fact. Id. 

Right to Counsel

 In his first issue, Conlin argues the trial court violated his Sixth Amendment right to
counsel. Issue five, subpart d, also argues the trial court violated his Sixth Amendment right
to counsel by failing to appoint counsel when Conlin's motion had "reasonable grounds" and
was "sufficiently compelling." 

 Under Chapter 64 of the Texas Code of Criminal Procedure, a convicted person may
file in the convicting court a motion for forensic DNA testing of evidence containing
biological material. Tex. Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp. 2007). A
proceeding under Chapter 64 is a collateral attack on the conviction; there is no federal or
state constitutional right to counsel. Winters v. Presiding Judge of Criminal Dist. Court No.
Three of Tarrant County, 118 S.W.3d 773, 774 (Tex. Crim. App. 2003); see Blake v. State,
208 S.W.3d 693, 694 (Tex. App.--Texarkana 2006, no pet.). Chapter 64 provides a statutory
right to counsel, however. See Tex. Code Crim. Proc. Ann. art. 64.01(c). The statute
requires the convicting court to appoint counsel if the court finds, among other things, that
there are reasonable grounds for a motion to be filed. Id.

 The State relies in part on the affidavit of a certified peace officer. (1) The affiant states
that Conlin and the child knew each other and were at a restaurant on the day of the offense. 
According to the affidavit, Conlin asked the child to ride with him in his truck, and he and
the child drove down a road and parked. The affiant states Conlin then sexually assaulted
the child. Conlin drove the child back to the restaurant where a Department of Public Safety
trooper was waiting after receiving a call from the child's parents. The child reported that
Conlin used a condom from a gold-colored package, and Conlin threw the condom out of the
window after the assault. During a search of his vehicle, a gold-colored wrapper was
collected from the rear floor board of the truck.

 A motion may request testing of evidence previously subjected to DNA testing if the
evidence "can be subjected to testing with newer testing techniques that provide a reasonable
likelihood of results that are more accurate and probative than the results of the previous
test." (2) Tex. Code Crim. Proc. Ann. art. 64.01(b)(2). The State's affidavit of the supervisor
of the DNA section of the Department of Public Safety Laboratory in Houston explains that
the stain was tested under current techniques and there is no new technique that would
provide a different result. The affidavit provided, in part:

 I conducted the DNA testing of the semen stain found on panties in a
sexual assault kit submitted for testing in a case involving Jeremy Conlin,
alleged offense date of July 10, 2004. I extracted the panty stain, subjected the
extracted DNA to Polymerase Chain Reaction (PCR), and examined the DNA
at the STR loci required for entry of the profile in the CODIS database. I also
entered the derived profile in the CODIS database.

 A CODIS match occurred between the DNA profile from the sperm cell
fraction of the panty stain and that of a West Virginia convicted offender. 
Upon receipt of the saliva swabs from Mr. Conlin, I verified that Mr. Conlin
could not be excluded as the contributor of the sperm cell fraction of the panty
stain that was entered into CODIS for this case.

 The semen stain on the panties submitted in this case was analyzed by
current techniques (PCR-STR), and our lab has done all that can be done in
this case. No newer technique would give a different result.


 The State's response to Conlin's motion states that "a DNA profile was obtained and
matched to the convicted person's DNA profile." On appeal, the State asserts that "[t]he
laboratory . . . notified the State that the Appellant's DNA profile matched that of a convicted
West Virginia offender." In Conlin's motion, he questions the validity of the CODIS match
because it was a "cold hit," and he asks if the offender could be "another person."

 Other than the State's assertions below and here, and the laboratory supervisor's
affidavit that, after the CODIS match was made, she "verified" from saliva swabs that Conlin
could not be excluded, the record in this proceeding includes nothing directly stating Conlin
and the West Virginia offender are the same person. But Conlin's argument in his motion
to the trial court was that the stain was "planted" from DNA obtained from the search of his
vehicle. He stated that the "DNA evidence, if truly any, came from clothing in and from my
vehicle and was not on the [complainant's] clothing at arrest[,]" and "[t]est results would
render exculpatory results, and prove that the defendant is correct, that the forensic evidence
was taken from his vehicle . . . and that there was not any semen on the clothing at the time
of the sexual assault kit collection." (emphasis Conlin's). He argued further that he was
indicted for sexual assault of a child when the State actually alleged, he argues, indecency
with a child "via DNA stained clothing" and the evidence only made "cognizable" a charge
of indecency with a child.

 The State's affidavit of the supervisor of the DNA section of the DPS laboratory
stated there was no newer technique that would lead to a different result, and the trial court
determined under the statute that the stain could not be subjected to testing with newer testing
techniques that provide a reasonable likelihood of results that are more accurate and
probative than the results of the previous test. Conlin was not entitled under the statute to
the re-testing of the stain in the absence of "newer testing techniques." See Tex. Code Crim.
Proc. Ann. art. 64.01(b)(2). 

 Conlin also requested testing of the changing paper used in the child's sexual assault
examination, and in issue five subpart c, he asserts the State waived its objections to this
request. (3) Conlin argues that if the changing paper does not contain seminal fluids, then there
were no fluids on the child's clothing and the evidence was planted.

 To obtain DNA testing, the convicted person must prove by a preponderance of the
evidence that he would not have been convicted if exculpatory results had been obtained
through DNA testing. Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A) (Vernon Supp.
2007). The absence of seminal fluid on the changing paper would not provide exculpatory
evidence; the absence could merely indicate that there was no transfer of fluids from the
underwear to the paper. See generally Rivera, 89 S.W.3d at 60 n.20 (explaining that the lack
of DNA evidence could simply mean that none was deposited). 

 In the absence of reasonable grounds to file a motion for post-conviction DNA testing,
the trial court did not err in denying Conlin's request for the appointment of counsel. Issues
one and five subparts c and d are overruled.

Due Process

 Issues two, three, four, and five subpart a assert the trial court violated his Sixth and
Fourteenth Amendment rights to confront and cross-examine the State's affiant, to raise
objections, to present a complete defense, and to be present at a "proceeding" under Chapter
64. Issue five, subpart b, asserts the court erred in denying his motion based on the DPS
laboratory's chemist's conclusion that re-testing the DNA would not lead to a different result. 
Conlin argues the court's finding is "not supported with a sufficient indicia of reliability[.]" 
 The Texas Court of Criminal Appeals has held that "[n]othing in Article 64.03
requires a hearing of any sort concerning the trial court's determination of whether a
defendant is entitled to DNA testing." Rivera, 89 S.W.3d at 58-59; see also Tex. Code
Crim. Proc. Ann. art. 64.03. A convicted person filing a motion for DNA testing does not
have a constitutional right to be present at a hearing. Cravin v. State, 95 S.W.3d 506, 510
(Tex. App.--Houston [1st Dist.] 2002, pet. ref'd). Unlike a criminal trial, a proceeding under
Chapter 64 does not implicate the convicted person's confrontation-clause rights because the
proceeding does not necessarily involve any witnesses or accusations against the appellant. 
Id. Conlin did not have the right to cross-examine witnesses. See id. 

 There is nothing fundamentally unfair about the procedures prescribed in Chapter 64. 
See id. at 511. Article 64.01 allows a convicted person to present evidence through
affidavits. See Tex. Code Crim. Proc. Ann. art. 64.01(a). In deciding whether to order
post-conviction DNA testing, the trial court may rely on the motion, any affidavits, and the
State's non-accusatory response. See Russell v. State, 170 S.W.3d 732, 733 (Tex. App.--Waco 2005, no pet.); Cravin, 95 S.W.3d at 510. The trial court may also take judicial notice
of the trial record. See Smith v. State, 165 S.W.3d 361, 364-65 (Tex. Crim. App. 2005). 
Issues two, three, four, and five subparts a and b are overruled.

Independent Laboratory

 In issue five subpart b, Conlin argues that the trial court erred in not allowing an
independent and neutral laboratory to conduct the tests. The trial court was not required to
order any DNA testing if Conlin failed to meet the requirements of article 64.03. See Tex.
Code Crim. Proc. Ann. art. 64.03. He failed to prove that new testing techniques would
provide a reasonable likelihood of results that are more accurate and probative than the
results of the previous test. See id. art. 64.01(b)(2). 

 In a supplement to his reply brief, Conlin cites the 2007 amendment to article 64.03
enacted by the 80th Legislature. See Tex. Code Crim. Proc. Ann. art. 64.03(c) (Vernon
Supp. 2007). The amendment does not apply because Conlin filed his motion before the
amendment took effect. See Act of May 24, 2007, 80th Leg., R.S., ch. 1006, §§ 4, 5, 2007
Tex. Gen. Laws 3523, 3524-25. Even if applicable, the amendment still requires that Conlin
meet the requirements of article 64.03 before the trial court orders any testing. See Tex.
Code Crim. Proc. Ann. art. 64.03(c). Issue five, subpart b, is overruled.

 Issue five, subpart e, asserts the trial court violated the "presumption of innocence"
doctrine by ruling that identity was not an issue in the underlying offense. The State argued
to the trial court that identity was not an issue because the victim knew Conlin. 

 There is no presumption of innocence in a post-conviction DNA proceeding. Cravin,
95 S.W.3d at 510. The movant can make identity an issue in his motion by showing that
exculpatory DNA tests would prove his innocence. Blacklock v. State, 235 S.W.3d 231, 232
(Tex. Crim. App. 2007). When a motion has fairly alleged and shown by a preponderance
of the evidence that the victim's lone attacker is the donor of the material for which the 

convicted person seeks testing, then exculpatory DNA test results excluding the convicted
person as a donor of the material could establish the person's innocence. Id. The Court of
Criminal Appeals has explained this may be true even if the victim has testified that she knew
the appellant and identifies appellant as the attacker, and though the appellant pleads guilty
and concedes the issue of identity at trial. Id. at 233.

 In Conlin's motion, he stated that he did not commit the offense, identity is still an
issue in this case, and there is no evidence that his DNA matched that of the West Virginia
offender's DNA. But the central argument he made for the testing is that the DNA was taken
from clothing in his vehicle and "planted" on the underwear.

 Whether or not identity is an issue, Conlin did not demonstrate entitlement to re-testing. The trial court is only required to order DNA testing if it finds both that identity was
an issue and that the convicted person has established by a preponderance of the evidence
that the person would not have been convicted if exculpatory results had been obtained
through DNA testing. Tex. Code Crim. Proc. Ann. arts. 64.03(a)(1)(B), (2)(A); see also
Blacklock, 235 S.W.3d at 232. "If, regardless of the results, retesting would not show by a
preponderance of the evidence that Appellant would not have been convicted, then there is
no reason for the court to order the DNA testing." Prible v. State, No. AP-75519, 2008 WL
375977, at *3 (Tex. Crim. App. Feb. 13, 2008). Conlin requested testing of the changing
paper and argued that the lack of DNA on the paper would prove that the DNA found on the
victim's clothing was planted. The lack of DNA on the changing paper would not show by
a preponderance of the evidence that Conlin would not have been convicted. See Tex. Code 
Crim. Proc. Ann. art. 64.03(a)(2)(A). 

 Finally, the trial court did not err in refusing to re-test the stain because the evidence
established that the stain cannot be subjected to testing with newer testing techniques that
provide a reasonable likelihood of results that are more accurate and probative than the
results of the previous test. See id. art. 64.01(b)(2). The court did not err in denying Conlin's
motion. Issue five, subpart e, is overruled.

Jurisdiction

 Issues six through fourteen assert issues concerning ineffective assistance at trial and
on appeal from the original conviction, variances in the indictment, the voluntariness of his
guilty plea, and a motion for new trial on the original conviction. These issues do not relate
to the trial court's denial of Conlin's motion for post-conviction DNA testing. Chapter 64
confers jurisdiction on appellate courts to review appeals "under this chapter." Tex. Code
Crim. Proc. Ann. art. 64.05 (Vernon 2006). On this appeal, we do not have jurisdiction to
consider collateral attacks on the trial court's judgment, or issues beyond the scope of
Chapter 64. See Reger v. State, 222 S.W.3d 510, 513 (Tex. App.--Fort Worth 2007, pet.
ref'd). Conlin has filed a "motion to dismiss" issues seven, seven subpart a, nine, ten and
thirteen for "want of jurisdiction." We have no jurisdiction to consider issues six through
fourteen.

 The trial court's order is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice

Submitted on October 5, 2007

Opinion Delivered April 16, 2008

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ. 
1. It appears that the basis for the officer's knowledge of these events was from having
read the State's "trial file" prior to executing his affidavit.
2. Conlin's motion asserts that the underwear was not "completely tested for DNA"
because it was not subjected to "nuclear DNA testing; short strand-random repeat, or
mitochondrial DNA testing[.]" The record shows the underwear was previously subjected
to DNA testing. See Tex. Code Crim. Proc. Ann. art. 64.01(b)(2) (Vernon Supp. 2007). 
3. The changing paper was not previously subjected to testing. A motion may request
the testing of evidence that was not previously subjected to DNA testing when DNA testing
was not available; or was available but not technologically capable of providing probative
results; or through no fault of the convicted person, for reasons for which the interests of
justice require DNA testing. Tex. Code Crim. Proc. Ann. art. 64.01(b)(1).