

**NUMBERS 13-08-00576-CR & 13-08-00577-CR**

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE: ISMAEL HERNANDEZ

---

## On Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

**Before Justices Yañez, Garza, and Vela
Per Curiam Memorandum Opinion[1]**

Relator, Ismael Hernandez, pro se, seeks a writ of mandamus ordering the trial court to appoint counsel pursuant to his motion for DNA testing under Article 64.01(c) of the Texas Code of Criminal Procedure.[2] *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Supp. 2008). We deny the petition.

Mandamus will issue only when the record establishes that: (1) the act sought to

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator's claims concern trial court cause nos. 86-CR-1265 and No. 88-CR-229-F, which are docketed herein respectively as appellate cause nos. 13-08-00576-CR and 13-08-00577-CR.

be compelled is purely ministerial and (2) there is no adequate remedy at law. *See State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003) (orig. proceeding). For an act to be purely ministerial, the relator must have "a clear right to the relief sought," meaning that the relief sought must be "clear and undisputable" such that its merits are "beyond dispute" with "nothing left to the exercise of discretion or judgment." *Id.*

Chapter 64 of the Texas Code of Criminal Procedure prescribes the procedure for postconviction DNA testing. *See* TEX. CODE CRIM. PROC. ANN. §§ 64.01-.05 (Vernon 2006 & Supp. 2008). A convicted person is entitled to counsel during a proceeding under Chapter 64. *Id*. art. 64.01(c). The trial court must appoint counsel for the convicted person if: (1) the person informs the court that the person wishes to submit a Chapter 64 motion; (2) the court finds reasonable grounds for the motion to be filed; and (3) the court determines that the person is indigent. *Id.*

A failure to provide this Court with documents that show relator is entitled to the relief requested is a basis for denying the petition for writ of mandamus. *See* TEX. R. APP. P. 52.3(j)(1)(A) (requiring appendix to petition for writ of mandamus contain specified documents "showing the matter complained of"). In the instant case, the limited record provided by relator does not establish that the trial court has found either that reasonable grounds exist for relator's motion to be filed or that relator is indigent. Because relator is not entitled to appointed counsel until the trial court makes these findings, *see id.*, he has not shown that he has a "clear right to relief." *See Poe*, 98 S.W.3d at 198; *Blake v. State*, 208 S.W.3d 693, 695 (Tex. App.–Texarkana 2006, no pet.); *In re Ludwig*, 162 S.W.3d 454, 455 (Tex. App.–Waco 2005, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought.

Accordingly, the petition for writ of mandamus is  DENIED.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.  *See* TEX. R. APP. P. 47.2(b

Memorandum Opinion delivered and filed
this 16th day of October, 2008.