NUMBERS 13-08-00576-CR & 13-08-00577-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE: ISMAEL HERNANDEZ






On Petition for Writ of Mandamus 






MEMORANDUM OPINION



Before Justices Yañez, Garza, and Vela


Per Curiam Memorandum Opinion (1)



 Relator, Ismael Hernandez, pro se, seeks a writ of mandamus ordering the trial
court to appoint counsel pursuant to his motion for DNA testing under Article 64.01(c) of
the Texas Code of Criminal Procedure. (2) See Tex. Code Crim. Proc. Ann. art. 64.01(c)
(Vernon Supp. 2008). We deny the petition.

 Mandamus will issue only when the record establishes that: (1) the act sought to
be compelled is purely ministerial and (2) there is no adequate remedy at law. See State
ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003) (orig. proceeding).
For an act to be purely ministerial, the relator must have "a clear right to the relief sought,"
meaning that the relief sought must be "clear and undisputable" such that its merits are
"beyond dispute" with "nothing left to the exercise of discretion or judgment." Id.

 Chapter 64 of the Texas Code of Criminal Procedure prescribes the procedure for
postconviction DNA testing. See Tex. Code Crim. Proc. Ann. §§ 64.01-.05 (Vernon 2006
& Supp. 2008). A convicted person is entitled to counsel during a proceeding under
Chapter 64. Id. art. 64.01(c). The trial court must appoint counsel for the convicted person
if: (1) the person informs the court that the person wishes to submit a Chapter 64 motion;
(2) the court finds reasonable grounds for the motion to be filed; and (3) the court
determines that the person is indigent. Id.

 A failure to provide this Court with documents that show relator is entitled to the
relief requested is a basis for denying the petition for writ of mandamus. See Tex. R. App.
P. 52.3(j)(1)(A) (requiring appendix to petition for writ of mandamus contain specified
documents "showing the matter complained of"). In the instant case, the limited record
provided by relator does not establish that the trial court has found either that reasonable
grounds exist for relator's motion to be filed or that relator is indigent. Because relator is
not entitled to appointed counsel until the trial court makes these findings, see id., he has
not shown that he has a "clear right to relief." See Poe, 98 S.W.3d at 198; Blake v. State,
208 S.W.3d 693, 695 (Tex. App.-Texarkana 2006, no pet.); In re Ludwig, 162 S.W.3d 454,
455 (Tex. App.-Waco 2005, orig. proceeding). 

 The Court, having examined and fully considered the petition for writ of mandamus,
is of the opinion that relator has not shown himself entitled to the relief sought. 
Accordingly, the petition for writ of mandamus is DENIED. See Tex. R. App. P. 52.8(a). 


 PER CURIAM



Do not publish. See Tex. R. App. P. 47.2(b


Memorandum Opinion delivered and filed

this 16th day of October, 2008.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. Relator's claims concern trial court cause nos. 86-CR-1265 and No. 88-CR-229-F, which are
docketed herein respectively as appellate cause nos. 13-08-00576-CR and 13-08-00577-CR.