**John Wayne BATES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–08–00580–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 6, 2010.

Greg Neal Russell, Dickinson, TX, for Appellant.

B. Warren Goodson Jr., Assistant Criminal District Attorney, Galveston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and HIGLEY.

## OPINION

SHERRY RADACK, Chief Justice.

Appellant, John Wayne Bates, challenges the trial court's order denying his second motion for post-conviction DNA testing. Specifically, appellant claims that the trial court erred by ruling on his motion without first appointing counsel or granting him a hearing. We affirm.

## BACKGROUND

In May 1990, appellant was convicted of aggravated sexual assault of a child and his punishment was assessed at confinement for life. This Court affirmed his conviction. *See Bates v. State*, No. 01–90–00809–CR, 1992 WL 76400 (Tex.App.-Houston [1st Dist.] Apr. 16, 1992, pet. ref'd) (not designated for publication.).

In July 2001, appellant filed his first motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure, seeking the testing of hairs taken from the complainant and appellant. The trial court appointed counsel for appellant, heard evidence, and then denied appellant's motion. The trial court's order stated that appellant had not shown that there was a reasonable probability that appellant would not have been convicted if exculpatory results had been sustained through DNA testing. *See* TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A) (Vernon 2006) (stating that applicant for DNA testing must establish that "the person would not have been convicted if exculpatory results had been obtained through DNA testing").

Appellant appealed the trial court's denial of his first motion for DNA testing. This Court affirmed the trial court's order, holding that "appellant has not proved by a preponderance of the evidence that a reasonable probability exists that he would have been convicted if he were permitted to conduct DNA testing." *In re Bates*, 177 S.W.3d 451, 453 (Tex.App.-Houston [1st Dist.] 2005, pet. ref'd). This Court noted that the outcry witness testified that she had walked in on the complainant and appellant just after the incident had occurred and saw the complainant crying as she sat on the couch with her panties around her ankles. *Id.* The witness also saw appellant behind a door, pulling up his pants. *Id.* This Court also noted that the State had stipulated to exculpatory evidence showing that the rape kit conducted on the complainant was negative, but that appellant was convicted anyway. *Id.* at 454.

In August 2007, appellant filed a second motion for DNA testing, again seeking to

have the hairs taken from the complainant and appellant tested. Appellant also filed a motion for appointment of counsel. On April 29, 2008, the trial court denied appellant's second motion for DNA testing, again noting that the motion "fails to establish by a preponderance of the evidence that [appellant] would not have been convicted if exculpatory results had been obtained through DNA testing[.]" The trial court also denied appellant's motion requesting appointment of counsel.[1]

Appellant brings two issues on appeal. First, appellant argues that the trial court erred in failing to appoint counsel to represent him in his second motion for DNA testing and on his motion to appoint counsel. Second, appellant argues that the trial court erred in failing to hold hearings on his motion for appointment of counsel and the merits of his second motion for DNA testing. We address each issue respectively.

## RIGHT TO APPOINTED COUNSEL

Appellant argues that the law permits successive motions for DNA testing and that he was entitled to a hearing and appointment of counsel because, "since the original charge in 1990 to the present, he has always been found to be indigent and has always been provided court appointed counsel." Therefore, appellant argues that the trial court erred by refusing to appoint counsel for him.

■ We agree that Chapter 64 does not prohibit a second, or successive, motions for forensic DNA testing. *See Ex parte Baker*, 185 S.W.3d 894, 897 (Tex.Crim.App. 2006). However, "the entitlement to counsel [in a post-conviction DNA proceeding] is not absolute; it is conditioned on three

criteria." *Gutierrez v. State*, 307 S.W.3d 318, 320–22 (Tex.Crim.App.2010). First, a defendant must inform the trial court that he or she wishes to submit a motion. *Id.* Second, the trial court must find that "reasonable grounds" exist for the filing of a motion. *Id.* Third, the trial court must find that the convicted person is indigent. *Id.*

The second criteria is relevant in this appeal because the State argues that appellant failed to show reasonable grounds for filing the motion. The statute does not define "reasonable grounds." However, the San Antonio and Texarkana Courts of Appeals have looked to the requirements of Chapter 64.03 to determine whether reasonable grounds for the filing of a motion have been asserted. In *Blake v. State*, 208 S.W.3d 693, 695 (Tex.App.-Texarkana 2006, no pet.), the court held that no reasonable grounds existed for the filing of the motion because the trial court had evidence that no biological material still existed, as required by article 64.03(a)(1)(A)(i). In *Lewis v. State*, 191 S.W.3d 225, 228 (Tex.App.-San Antonio 2006, pet. ref'd), the court held that no reasonable grounds existed for filing the motion because (1) the trial court had evidence that no biological material still existed, as required by article 64.03(a)(1)(A)(i), and because (2) the court could have reasonably concluded that identity was not an issue in the case, as required by article 64.03(a)(1)(B).

■■ In addition to the requirements of article 64.03 relied on by *Lewis* and *Blake* courts, the statute also requires a person requesting DNA evidence to show that he or she "would not have been convicted if exculpatory results had been obtained through DNA testing." Tex.Code

---

1. We note that the same trial court judge considered both appellant's first and second motions for DNA testing.

CRIM. PROC. ANN. art. 64.03(a)(2)(A). To meet this requirement, a convicted person must show that "a reasonable probability exists that exculpatory DNA tests would prove their innocence." *Rivera v. State,* 89 S.W.3d 55, 59 (Tex.Crim.App.2002). On appeal from appellant's first motion for DNA testing, this Court affirmed the trial court's ruling that appellant could not show that "a reasonable probability exists that he would not have convicted if permitted to conduct DNA testing." *Bates,* 177 S.W.3d at 454. Appellant's second request for DNA testing added nothing to change this holding. Appellant does not argue how analyzing the DNA of the hairs would reasonably prove his innocence, or how it would outweigh the eyewitness testimony of the outcry witness at trial. We are also mindful that the jury convicted appellant, even though it heard evidence that the rape kit was negative for appellant's DNA. We are unable to see how additional negative DNA evidence regarding the hairs would prove his innocence.

In light of this Court's earlier holding that appellant had failed to meet one of the requirements of article 64.03 and the fact that appellant's subsequent motion did not add anything to meet this requirement, we hold that the trial court did not err in concluding that appellant had failed to show reasonable grounds for the appointment of counsel.

### RIGHT TO A HEARING

 Appellant also claims the trial court erred by not holding a hearing on his motion for appointment of counsel and motion for DNA testing. We disagree. The Court of Criminal Appeals has held that article 64.03 does not require a hearing before the trial court determines whether a defendant is entitled to DNA testing. *Rivera,* 89 S.W.3d at 58–59. The court noted that if the Legislature had intended for a hearing to be mandatory, it could have so specified in the statute, but did not. *Id.* Similarly, we note that nothing in article 64.01(c) requires a hearing before the trial court determines whether a defendant has met the requirements for the appointment of counsel.

### CONCLUSION

We overrule appellant's issues on appeal and affirm the judgment of the trial court.