Opinion issued February 17, 2011. 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00171-CR

———————————

William HARRIS, Appellant

V.

The State of
TEXAS, Appellee



 



 

On Appeal from the 232nd District Court

Harris County, Texas



Trial Court Case No. 876384

 



 

MEMORANDUM
OPINION

          William
Harris challenges the trial court’s order denying his third motion for
post-conviction forensic DNA testing under Chapter 64 of the Texas Code of
Criminal Procedure.  See Tex. Code Crim. Proc.
Ann. arts. 64.01–05 (Vernon 2006 & Supp. 2010).  He specifically claims that the trial court
erred by ruling on his motion without first appointing counsel. We affirm the
trial court’s order. 

Background

A jury
convicted Harris of murdering his wife by strangulation and assessed his
punishment at sixty-five-years’ confinement. 
The Texarkana Court of Appeals affirmed his conviction.  Harris
v. State, 133 S.W.3d 760, 775. (Tex. App.—Texarkana 2004, pet. ref’d).  After his conviction, Harris twice moved for post-conviction
DNA testing under Chapter 64 of the Texas Code of Criminal Procedure.  The trial court denied these motions, and
Harris appealed the denial of his second motion for DNA testing.  This Court affirmed the trial court’s ruling,
holding that Harris failed to prove by a preponderance of the evidence that he
would not have been convicted had exculpatory results been obtained in DNA
testing.  See Harris v. State, No. 01-08-00144-CR, 2008 WL 5651469, at *3
(Tex. App.—Houston [1st Dist.] Feb. 19, 2009, pet. ref’d) (mem. op., not
designated for publication).  This Court
noted that Harris’s affidavit in support of his motion offered only a
conclusory statement that he would not have been convicted if DNA testing had
been done on a number of items of evidence, namely (1) car floor mats, (2)
blood from the complainant’s carpet, linens, and a pillow case, and (3) hair
fibers, fingernail scrapings, and vaginal and anal swabs retrieved from Harris’s
wife during the investigation.  Id. 
This Court also noted that the existence of another person’s DNA found
in any of these samples would not prove, however, by a preponderance of the
evidence, that Harris was wrongly convicted, because it would not exclude
Harris as the person who strangled his wife. 
Id.  Following his appeal, Harris filed a third
motion for DNA testing in the trial court, again seeking testing on a number of
items.[1]  He also filed a request for appointment of
legal counsel.  The trial court denied
Harris’s third motion.    

Discussion

          On appeal, Harris
contends that he was entitled to appointment of counsel because the trial court
found him to be indigent, and he requested such appointment.  He claims that appointment of counsel is
mandatory and must occur prior to the trial court’s determination on the merits
of a motion for DNA testing.  

          The
entitlement to counsel in a post-conviction DNA proceeding is not absolute; it
is conditioned on three criteria.  Gutierrez
v. State, 307 S.W.3d 318,
321 (Tex. Crim. App. 2010).  First, a
defendant must inform the trial court that he or she wishes to submit a motion.
 Id.  Second, the trial court must find that
“reasonable grounds” exist for the filing of a motion.  Id.  Third, the trial court must find that the
convicted person is indigent.  Id.  The second criterion is relevant in this
appeal because the State argues that Harris failed to show reasonable grounds
for filing the motion.  The statute does
not define “reasonable grounds.”  However,
this Court, in accord with the San Antonio and Texarkana Courts of Appeals,
looks to the requirements of article 64.03 to determine whether reasonable
grounds for the filing of a motion have been asserted.  Bates
v. State, 315 S.W.3d 598, 600-01 (Tex. App.—Houston [1st Dist.] 2010, no
pet.); see also Blake v. State, 208 S.W.3d 693, 695 (Tex.
App.—Texarkana 2006, no pet.); Lewis v. State, 191 S.W.3d 225, 228 (Tex. App.—San Antonio 2006, pet. ref’d).  

          According to
article 64.03, a convicted person requesting DNA evidence must show by a preponderance
of the evidence that he “would not have been convicted if exculpatory results
had been obtained through DNA testing.”   Tex.
Code Crim. Proc. Ann. art. 64.03(a)(2)(A) (Vernon Supp. 2010).  To meet this requirement, the person must show
that “‘a reasonable probability exists that exculpatory DNA tests would prove
their innocence.’”  Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002)
(quoting Kutzner v. State, 89 S.W.3d
427, 439 (Tex. Crim. App. 2002).  In Bates, Bates, who was convicted of
aggravated sexual assault of a child, challenged the trial court’s failure to
appoint counsel for his second motion for DNA testing.  315 S.W.3d 598, 600.  This Court noted that it had held in an
earlier opinion on Bates’s first motion for DNA testing that he had failed to
show a reasonable probability existed that he would not have been convicted if
permitted to conduct DNA testing.  Id at 601.  This Court concluded that the
trial court did not err in finding that Bates had failed to show reasonable
grounds for the appointment of counsel in light of its earlier holding that
Bates had failed to meet one of the requirements of article 64.03 and the fact
that Bates had failed to add additional evidence or argument in his second
motion for testing to meet this requirement. 
Id.  

          As in Bates, this Court previously held that
Harris’s second motion for DNA testing that Harris failed to show that a
reasonable probability existed that he would not have been convicted if permitted
to conduct DNA testing.  See Harris, 2008 WL 5651469, at *3.  Harris’s third motion for DNA testing adds no
new argument or evidence.  He does not explain
how DNA analysis of the items he requested reasonably would prove his innocence
of the strangulation of his wife.  Just
like his second motion, Harris’s third motion merely states that he would not have been convicted if
DNA testing had been done on the requested items.  But the existence of another person’s DNA
found in any of these samples would not prove by a preponderance of the
evidence, that Harris was wrongly convicted, because it would not exclude him
as the person who strangled his wife.  See id.; see also Prible v. State, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008)
(“without more, the presence of another person’s DNA at the crime scene would
not constitute affirmative evidence of the appellant’s innocence” requiring
relief under Chapter 64); Bell v. State, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002) (holding that
evidence of another person’s DNA, if found on hair, cigarette butt and
blood-stained bath mat collected from crime scene, does not constitute
affirmative exculpatory evidence).  

          In light of
this Court’s earlier holding that Harris had failed to meet one of the
requirements of article 64.03 and the fact that Harris’s subsequent motion does
not add anything to meet this requirement, we hold that the trial court did not
err in concluding that Harris had failed to show reasonable grounds for the
appointment of counsel.  See Bates, 315 S.W.3d 598, 601. 

Conclusion

          We overrule Harris’s issue on appeal
and affirm the order of the trial court.

 

          

          

                                                                    Jane
Bland

                                                                   Justice


 

Panel consists of Chief Justice Radack and
Justices Alcala and Bland.

Do not publish. 
 Tex. R. App. P. 47.2(b).











[1]
Harris specifically sought DNA testing for the
following items: (1) door jambs; (2) car floor mats; (3) a soda bottle; (4)
scrapings from under his wife’s fingernails; (5) her pubic hair; (6) semen; (7)
his wife’s clothing; and (8) blood in the her underwear.  Except for the door jambs, these are the same
items that Harris requested in his second motion for testing.