# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00187-CR

**Ardell Nelson, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT NO. D-1-DC-88-091413, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ardell Nelson, Jr., was convicted of aggravated sexual assault of a child. *See* Tex. Penal Code § 22.021. That case was investigated by the Austin Police Department (Department) and prosecuted by the Travis County District Attorney's Office (District Attorney). Approximately two decades after his conviction, Nelson filed a motion seeking post-conviction DNA testing and the appointment of counsel. After reviewing the motion and the State's memorandum in opposition, the district court issued an order denying Nelson's motion for DNA testing and his request for the appointment of counsel. Nelson appeals the district court's order.

In addition to challenging the district court's order, Nelson presents other issues in this appeal. First, Nelson asserts that he is innocent and that his conviction violates the Fourteenth Amendment of the United States Constitution because the State failed to prove all of the elements necessary as alleged in his indictment. Second, Nelson alleges that he received ineffective assistance

of counsel from his trial attorney and from his appellate attorney after the trial. Third, Nelson urges that the judge presiding over his criminal trial was not impartial because the judge allowed the jury to convict him and that the evidence presented during the trial was insufficient to support his conviction. Finally, in his reply brief, Nelson alleges that the District Attorney presented argument during his trial that violated his constitutional rights.

This appeal was brought under chapter 64 of the Code of Criminal Procedure. That chapter authorizes DNA testing in cases where the applicant meets the relevant requirements. Tex. Code Crim. Proc. art. 64.03. Moreover, chapter 64 also gives appellate courts jurisdiction to review an order by a trial court denying a request for post-conviction DNA testing for cases in which the defendant was not given the death penalty. *Id.* art. 64.05. However, in an appeal from the denial of a request for DNA testing, we may not consider any claims that fall outside the scope of chapter 64. *In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.—Austin 2012, no pet.).

Accordingly, because Nelson's claims are beyond the scope of chapter 64, "we do not have jurisdiction under chapter 64 to consider" them. *Id.* Moreover, the time for presenting these claims in a direct appeal has long since expired. *See* Tex. R. App. P. 26.1.[1] For these reasons, we dismiss these sets of issues for want of jurisdiction. *See In re Garcia*, 363 S.W.3d at 822.

---

[1] We do note that claims regarding ineffective assistance of counsel may be raised for the first time in a post-conviction habeas proceeding. *See Ex parte White*, 160 S.W.3d 46, 49 n.1 (Tex. Crim. App. 2004). However, we do not have jurisdiction to consider those types of claims because the Court of Criminal Appeals has "complete jurisdiction over post-conviction relief from final felony convictions." *In re Garcia*, 363 S.W.3d 819, 822 n.4 (Tex. App.—Austin 2012, no pet.); *see* Tex. Code Crim. Proc. art. 11.07; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483-84 (Tex. Crim. App. 1995).

As mentioned above, in this appeal, Nelson also challenges the district court's order denying his request for DNA testing and for the appointment of counsel. Under chapter 64 of the Code of Criminal Procedure, "[a] convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material. The motion must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion." Tex. Code Crim. Proc. art. 64.01(a-1). Furthermore, the convicting court may order DNA testing "only if:

> (1) the court finds that:
>
>> (A) the evidence;
>>
>>> (i) still exists and is in a condition making DNA testing possible; and
>>>
>>> (ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and
>>
>> (B) identity was or is an issue in the case; . . . .

*Id.* art. 64.03(a).

In this case, Nelson filed a motion requesting DNA testing.[2] In his motion, he asserted that identity was an issue in his trial and that biological samples were taken from the victim for

---

[2] We note that Nelson did not file an affidavit with his motion. However, Nelson did file an affidavit several years earlier in a previous attempt to obtain DNA testing. Nelson included a similar affidavit in his appellate briefing. In those affidavits, Nelson states that identity was an issue in his criminal case, that two doctors ordered medical testing on samples taken from the victim, and that the Department of Criminal Justice will not allow him to make copies of the court records from his case to show that a doctor testified during the trial that the testing was done.

3

testing. Moreover, he alleged that at the time of the offense, the victim had a sexually transmitted disease. Accordingly, Nelson contends that testing showing that the victim had the disease but that he did not would establish by a preponderance of the evidence that he would not have been convicted if those results had been obtained through testing during the trial. *See id.* art. 64.03(a)(2).

A convicting court may base its decision regarding a chapter 64 claim on the sufficiency of the State's written explanation. *Caddie v. State*, 176 S.W.3d 286, 289 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). In an appeal of a trial court's decision regarding a chapter 64 claim, reviewing courts "defer to the trial court's determination of historical facts, and its application of law to the facts if it turns on credibility and demeanor, and review de novo applications of law to the undisputed facts." *Id.* Under this standard, reviewing courts "defer to a trial court's finding as to whether the claimed DNA evidence exists and is in a condition to be tested." *Id.*

Attached to its memorandum in opposition, the State presented an affidavit from the Department's Evidence and Seized Property Manager, James Gibbens, stating that the Department does not currently possess or have custody or control over any physical evidence pertaining to the case. In its motion, the State also explained that during the trial only three exhibits were introduced and that none of those exhibits contained any biological evidence. In addition, the State attached an affidavit from a supervisor with the Travis County District Clerk's Office (Clerk's Office), John Compton, in which he explained that the Clerk's Office has those three exhibits but does not have possession, control, or custody of any other exhibits relating to the case. Moreover, the State also attached two affidavits from individuals working for the District Attorney. In the first affidavit, an investigator for the District Attorney, Sergeant Perry Marteson, stated that the District Attorney

4

does not possess any physical evidence related to the case. Similarly, the Director of the Appellate Division for the District Attorney, Bryan Case, Jr., stated in his affidavit that he searched all of the files pertaining to Nelson but did not find any physical evidence in any of the files. Accordingly, Case stated that it was his belief that the District Attorney does not possess any physical evidence pertaining to the case.

After reviewing the State's response, the district court issued, among others, the following findings of fact: that Nelson did not show that identity was an issue, that Nelson did not establish that any biological material relating to his conviction still exists, and that the Department, the District Attorney, and the Clerk's Office do not have possession, control, or custody over any physical evidence relating to the case. In addition, the district court also issued, among others, the following conclusion of law: that Nelson failed to establish that any DNA evidence exists.

As discussed above, a trial court is only required to order DNA testing under chapter 64 if the relevant statutory requirements are met. *See* Tex. Code Crim. Proc. art. 64.03(a)(1). One of those requirements is a showing that the evidence still exists and is in a condition that makes testing possible. *Id.* art. 64.03(a)(1)(A)(i). "Affidavit testimony from a relevant witness that no biological evidence from the case is maintained or possessed is sufficient, absent any contrary evidence, to support denial of a motion for forensic DNA testing." *Lewis v. State*, 191 S.W.3d 225, 228 (Tex. App.—San Antonio 2005, pet. ref'd); *see also Caddie*, 176 S.W.3d at 289 (stating that chapter 64 does not require State to present affidavit "from every laboratory and police agency in the region"). Nelson did not offer any evidence contradicting the evidence presented by the State that no biological evidence exists.

5

In light of the standard of review governing this case and based on the record, we conclude that the evidence is sufficient to support the district court's determination that no DNA evidence exists that is in a condition to be tested.

Regarding Nelson's claim that the district court erred by failing to appoint him counsel, chapter 64 specifies that "[t]he convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent." Tex. Code Crim. Proc. art. 64.01(c). In its order, the district court determined that there were "no reasonable grounds for a motion for such DNA testing to be filed" and, accordingly, concluded that it was not obligated "to appoint counsel in this matter." In this case, the district court had evidence that no biological evidence existed that could be tested, and that same evidence "provided a sufficient justification for the [district] court to determine there were no reasonable grounds for the Chapter 64 motion to be filed." *See Blake v. State*, 208 S.W.3d 693, 695 (Tex. App.—Texarkana 2006, no pet.). Accordingly, we cannot conclude that the district court erred by failing to grant Nelson's request for the appointment of counsel. *See Ex parte Gutierrez*, 337 S.W.3d 883, 891 (Tex. Crim. App. 2011) (stating that courts have found that reasonable grounds are not present if no evidence exists or if it has been destroyed); *Lewis*, 191 S.W.3d at 229 (determining that motion failed to establish reasonable grounds because it failed to show that evidence still exists and that identity was an issue as required by chapter 64).

For these reasons, we overrule Nelson's issues challenging the district court's decision to deny his requests for DNA testing and for the appointment of counsel. Having overruled

6

these issues and having dismissed the remainder of Nelson's issues for want of jurisdiction, we affirm the district court's order.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   March 5, 2014

Do Not Publish