**Opinion filed February 27, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00349-CR

_____

## DANIEL VASQUEZ DOMINGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 13674-B**

### M E M O R A N D U M   O P I N I O N

Daniel Vasquez Dominguez appeals the trial court's order denying his motion for DNA testing of evidence related to his conviction for aggravated sexual assault of a child. Because we conclude that the trial court did not err by denying the motion, we affirm.

### Background Facts

Appellant was indicted in 2000 for the offenses of aggravated sexual assault of a child and indecency with a child. On January 8, 2001, he entered a plea of no

contest to the offense of aggravated sexual assault of a child. Pursuant to a plea bargain agreement, the trial court deferred the adjudication of guilt and placed Appellant on community supervision for eight years. The State subsequently filed a motion to adjudicate. The trial court found that Appellant had violated the terms and conditions of his community supervision, revoked his community supervision, adjudicated his guilt, and sentenced him to confinement for thirty years. The sentence was imposed in open court on February 10, 2006. Appellant attempted to file a direct appeal from the judgment adjudicating guilt, but we dismissed the appeal for want of jurisdiction because the appeal was not timely filed.

On May 15, 2012, Appellant filed a pro se motion in the trial court for postconviction forensic testing. The trial court appointed counsel for Appellant in connection with the motion for postconviction forensic testing. Appointed counsel subsequently filed a motion to withdraw that the trial court granted. Appellant then filed this appeal. Upon our receipt of Appellant's pro se notice of appeal, we entered an order abating the appeal that required the trial court to make various findings. Pursuant to our abatement order, the trial court made the following findings:

1. On July 28, 2000, the trial court determined that the Appellant was indigent.

2. On February 10, 2006, the trial court revoked Appellant's community supervision, convicted him, and sentenced him to 30 years in prison. The Appellant has remained incarcerated since that time.

3. The trial court has received no information indicating any change in Appellant's financial circumstances.

4. Therefore, the trial court determines that Appellant is still indigent.

5.  On May 30, 2012, the trial court appointed Mr. Alex Eyssen to represent Appellant in obtaining DNA testing pursuant to Article 64.01(c), Texas Code of Criminal Procedure.

6.  On December 19, 2012, the trial court[] allowed Mr. Eyssen to withdraw because he was closing his law practice and leaving the [S]tate of Texas.

7.  Appellant is not currently represented by counsel.

8.  Appellant's attorney did not abandon the appeal; he was allowed to withdraw by the trial court.

9.  On October 31, 2012, the trial court issued an order finding that:
> ---The State's (criminal) case was based entirely on witness statements, and
> ---No physical evidence was seized by law enforcement, and
> ---No physical evidence was in possession of the State during the trial of the offense.

10.  In the October 31, 2012[] order, the trial court also found that the Appellant was not entitled to DNA testing; and, the trial court declined to order any DNA testing.

11.  There are no reasonable grounds for the Appellant to file a motion for forensic DNA testing.

12.  New counsel should not be appointed to represent the Appellant on appeal.

Upon receipt of the trial court's findings, we reinstated this appeal.

*Analysis*

Appellant presents three issues on appeal.  In his first issue, Appellant complains of the "denial of assistance of counsel."  In support of this issue, he alleges that his appointed counsel was ineffective "assisting in the investigation of

evidence filed in another court." Specifically, he contends that counsel did not thoroughly investigate the evidence regarding his victim's "pregnancy" case filed in the 326th District Court of Taylor County.[1] In his second issue, he complains of "violations of due process," "ineffective assistance of counsel," and "violation of equal protection of the law." In support of his second issue, he contends that trial counsel was ineffective for failing to present evidence from the 326th District Court. In his third issue, Appellant complains of the "denial of forensic, DNA testing hearing by Brady violations of exculpatory evidence related and filed in the 326th District Court."

This appeal was brought under Chapter 64 of the Code of Criminal Procedure. This chapter authorizes DNA testing in cases where the applicant meets the relevant requirements. TEX. CODE CRIM. PROC. ANN. art. 64.03 (West Supp. 2014). Chapter 64 also gives appellate courts jurisdiction to review an order by a trial court denying a request for postconviction DNA testing for cases in which the defendant was not given the death penalty. *Id.* art. 64.05 (West 2006). However, in an appeal from the denial of a request for DNA testing, we may not consider any claims that fall outside the scope of Chapter 64. *In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.—Austin 2012, no pet.). "Chapter 64 is not an invitation to review every potential error in the underlying trial proceedings; instead, it is simply a procedural vehicle for obtaining evidence 'which might then be used in a state or federal habeas proceeding.'" *Id.* (quoting *Thacker v. State*, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005)).

A trial court is only required to order DNA testing under Chapter 64 if the relevant statutory requirements are met. CRIM. PROC. art. 64.03(a). As noted above, the trial court based its order denying Appellant's request for DNA testing

---

[1]The 326th District Court is a "family district court" that by statute "has primary responsibility for cases involving family law matters." TEX. GOV'T CODE ANN. §§ 24.601, 24.634 (West 2004).

on the fact that the State's criminal case against Appellant was based entirely on witness statements, that no physical evidence was seized by law enforcement, and that no physical evidence was in possession of the State during the trial of the offense.

A convicting court may base its decision regarding a Chapter 64 claim on the sufficiency of the State's written explanation. *Caddie v. State*, 176 S.W.3d 286, 289 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). In an appeal of a trial court's decision regarding a Chapter 64 claim, reviewing courts "defer to the trial court's determination of historical facts, and its application of law to the facts if it turns on credibility and demeanor, and review de novo applications of law to the undisputed facts." *Id.* Under this standard, reviewing courts "defer to a trial court's finding as to whether the claimed DNA evidence exists and is in a condition to be tested." *Id.* The clerk's record contains a letter from an assistant district attorney to Appellant's counsel advising him that Appellant's criminal case "was based entirely on witness statements. There was no physical evidence of any kind taken by the police."[2] There is also a letter in the clerk's record from Lieutenant David Atkins of the Taylor County Sheriff's Office addressed to the trial court that confirms this same information. In light of the standard of review governing this case and based on the record, we conclude that the evidence is sufficient to support the trial court's determination that no DNA evidence exists.

The bulk of Appellant's claims on appeal focus on his efforts to obtain evidence from another proceeding. By its express terms, Chapter 64 only applies to the testing of evidence "that was secured in relation to the offense that is the basis of the challenged conviction." CRIM. PROC. art. 64.01(b). Accordingly, Appellant's claims seeking to obtain evidence from another proceeding are beyond

---

[2]This letter also informs Appellant's counsel that the file in the 326th District Court from which Appellant sought evidence is a "closed and sealed file."

the scope of Chapter 64, and the trial court did not err in denying Appellant's request to test the evidence from the family court proceeding. Furthermore, Appellant's claims of ineffective assistance of counsel related to obtaining evidence from the proceeding must also fail because the requested evidence was beyond the scope of Chapter 64.

Regarding Appellant's request for the appointment of new counsel, Chapter 64 specifies that "[t]he convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent." CRIM. PROC. art. 64.01(c). The trial court initially appointed counsel for Appellant, but subsequently determined that "[t]here are no reasonable grounds for the Appellant to file a motion for forensic DNA testing." Based upon this determination, the trial court concluded that it was not obligated to appoint new counsel on appeal. In this case, the trial court had evidence that no biological evidence existed that could be tested. That evidence provided sufficient justification for the trial court to determine that there were no reasonable grounds for the Chapter 64 motion to be filed. *See Blake v. State*, 208 S.W.3d 693, 695 (Tex. App.—Texarkana 2006, no pet.). Accordingly, we cannot conclude that the trial court erred by failing to grant Appellant's request for the appointment of new counsel. *See Ex parte Gutierrez*, 337 S.W.3d 883, 891 (Tex. Crim. App. 2011) (stating that courts have found that reasonable grounds are not present if no evidence exists or if it has been destroyed).

In his brief, Appellant additionally challenges his original conviction. Chapter 64 does not confer jurisdiction upon this court to entertain collateral attacks on the trial court's judgment of conviction or to review, under the guise of a DNA testing appeal, anything beyond the scope of the request to conduct DNA

testing.  *See Reger v. State*, 222 S.W.3d 510, 512–13 (Tex. App.—Fort Worth 2007, pet. ref'd); *Hooks v. State*, 203 S.W.3d 861, 866 (Tex. App.—Texarkana 2006, pet. ref'd).  Accordingly, we do not entertain Appellant's challenges to his original conviction.

For the foregoing reasons, we overrule Appellant's three issues challenging the district court's decision to deny his request for DNA testing and his request for the appointment of new counsel.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

JUSTICE


February 27, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.